EDWIN C. WHITNEY *vs.* POLLY PINNEY *et al.*

Argued July 8, 1892. Decided Oct. 17, 1892.

**A Judgment Held to be against an Administrator in his Representative Capacity.**

While Y. was the administrator, with the will annexed, of the estate of one P., deceased, an action was brought against him and others, the cause of action as set forth in the complaint really being the personal tort of the defendants in converting to their own use a quantity of pine timber, the plaintiff's property. In all of the pleadings and proceedings Y. was designated "as administrator" of said estate, and the conversion was stated to have been made by him while "acting in his official capacity as such." Y. suffered a judgment to be entered against him "as administrator" for the value of the timber. *Held,* that the judgment was against him "as administrator," and not personally.

**Devastavit—Final Decree no Defense.**

At the time of the commencement of the action, Y. held in his hands assets of the estate sufficient in amount to meet and discharge any judg-

ment which might be recovered against him therein. Thereafter, and before judgment was entered, he petitioned the proper probate court for an examination and allowance of his final account as administrator, and for a final decree in the matter of the estate, without disclosing the pendency of the action against him. His account was allowed, a final decree was made, and the residue of the assets distributed among the devisees and legatees named in the will. *Held,* that the final decree was no defense in an action upon the judgment against Y., in the nature of a *devastavit.*

Mitchell, J., dissenting.

Appeal by the plaintiff, Edwin C. Whitney, from an order of the District Court of Hennepin County, *Hicks,* J., made March 18, 1892, refusing a new trial.

The plaintiff, Edwin C. Whitney, is the assignee of a judgment recovered August 25, 1888, by Samuel Hill, against Winthrop Young, as administrator of the estate of Ovid Pinney, deceased. Whitney brought this action against Winthrop Young, and against Polly Pinney, Hariett Lonergan, O. P. Buel and others, heirs and next of kin of Ovid Pinney, deceased, seeking to recover from Young personally, and from the heirs and next of kin, a balance of $2,702, remaining unpaid on the judgment. He alleged that Young, after knowledge of the pendency of the Hill suit against him as administrator, had assets of the estate in his hands sufficient to pay the claim, but distributed them to the heirs and next of kin without retaining the necessary funds to satisfy the judgment subsequently recovered. The action was tried June 29, 1891. The court granted motions for judgment on the pleadings in favor of the defendants other than Young, and on the evidence, ordered judgment in favor of Young. From an order denying his motion for a new trial, plaintiff appeals. The defendants, other than Young, were not made parties to the appeal.

*Jackson & Atwater,* for appellant.

This action is in the nature of *devastavit.* It was only necessary to show a valid judgment against the administrator, and that, after notice of the pendency of the suit, sufficient assets to pay the claim had been in his hands, which he had misapplied by turning them

over to the legatees or next of kin without retaining the necessaiy funds to satisfy the judgment subsequently recovered. Schouler, Exrs. & Admrs., §§ 383, 384, note 2; 7 Am. & Eng. Enc. of Law, 282, 292; *McNair* v. *Ragland*, 1 Dev. (N. C.) Eq. 516; *Peaslee* v. *Kelley*, 38 N. H. 372; *Dobbins* v. *Halfare*, 52 Miss. 561. It is no defense to say that Hill's claim should have been presented to the probate court, for it was not a claim against the deceased. The decrees of the probate court settling Young's account and distributing the assets, are not a bar to the action. *In re Kittson*, 45 Minn. 197. Whether the Hill judgment was against Young personally, or as administrator, plaintiff is entitled to recover, as the complaint contains all the averments necessary to support an action of debt on judgment. The court may examine the proceedings to determine whether the judgment is personal or *de bonis decedentis*, but it must be either one or the other. It cannot be mere waste of paper. The court cannot in this case disregard it as improperly rendered upon the facts and law of the case. The judgment is conclusive upon the regularity and sufficiency of the proceedings. *Ames* v. *Slater*, 27 Minn. 70; *Thompson* v. *Myrick*, 24 Minn. 4. It was proper in the Hill suit to render a judgment against Young, as administrator. *Fritz* v. *McGill*, 31 Minn. 536; *Parker* v. *Maxwell*, 45 Minn. 1; *Wakeman* v. *Paulmier*, 39 N. J. Law, 340; *De Valengin* v. *Duffy*, 14 Pet. 282; *Reeve* v. *Cawley*, 2 Harr. 415; *Stothoff* v. *Dunham*, 4 Harr. 181; *Mosman* v. *Bender*, 80 Mo. 579. The judgment is a conclusive estoppel upon Young to deny that it is a final adjudication of his liability as administrator to pay the amount due thereon.

*Gilfillan, Belden & Willard*, for respondent.

The Hill suit was brought, prosecuted and decided against Winthrop Young, as administrator of the estate of Ovid Pinney. The judgment was clearly against Young as administrator, and he cannot be held personally liable thereon. *Yarrington* v. *Robinson*, 141 Mass. 450; *Lamorere* v. *Succession of Cox*, 32 La. Ann. 246; *Hone* v. *De-Peyster*, 106 N. Y. 645; *Austin* v. *Monroe*, 47 N. Y. 360; *Landon* v. *Townshend*, 112 N. Y. 93; *Rathbone* v. *Hooney*, 58 N. Y. 463.

The judgment did not bind the estate. The tort upon which it

was brought was committed after the death of Ovid Pinney; there was no proof that the estate received the benefit of it. It was the personal tort of Young, for which the estate is not liable. *Ness* v. *Wood*, 47 Minn. 427; *McCustian* v. *Ramey*, 33 Ark. 141. The administrator, when sued as such for his personal tort, could not, by allowing judgment to go against him as administrator, effectually bind the estate, and by his default compel the estate to pay the damages caused by his wrong. It is not in the power of a plaintiff by inserting the word *as* in his complaint, to make the estate liable for the administrator's personal debts. *Gurnee* v. *Maloney*, 38 Cal. 85; *Daingerfield* v. *Smith*, 83 Va. 81; *Merchants' Nat. Bank* v. *Weeks*, 53 Vt. 115.

If this judgment did not bind the estate, then Young is not liable for a *devastavit*.

But in no event can Young be made liable here, for it was plaintiff's duty to see that the Probate Court took no action looking to a final settlement of the estate, until his demand was adjudicated. *Fern* v. *Leuthold*, 39 Minn. 212; *In re Kittson*, 45 Minn. 197.

COLLINS, J. The respondent in this action, defendant Young, became the administrator, with the will annexed, of the estate of Ovid Pinney, deceased, January 25, 1881. October 15, 1883, on his own application therefor, the proper court examined and allowed his final account, and made its final decree, assigning and distributing the balance of the estate remaining in his hands, and he duly complied with the provisions of said decree by transferring and distributing all of the property to the persons thereto entitled as devisees and legatees. Since that time said defendant Young has not been possessed of any of the assets of said estate. February 25, 1883, one Hill commenced an action in the district court for Hennepin county against several persons, including this respondent, who in the summons and complaint was designated "as the administrator of the estate of Ovid Pinney, deceased." This action, according to the complaint, was brought to recover the value of a large quantity of pine timber cut from certain lands, and converted by Young and the other defendants to their own use in the year 1882. The plaintiff Hill

claimed to be the owner of this timber, and while for some reason, not now apparent, it appeared from the complaint that Young, as administrator, had foreclosed a mortgage held by Pinney in his lifetime upon the lands on which the timber was cut, and also that the defendant Griffin, who actually cut and removed the timber, was acting under a contract with Young "as administrator," and another defendant, it is clear, and the court so found in the present proceeding, that the cause of action set out in Hill's complaint was for the personal tort of Young and other defendants, and that no other cause of action was averred. It was nowhere alleged in the complaint, except indirectly as hereafter stated, nor did it appear from the answer, that any part of the timber was converted to the use of the estate, or that it had profited or been benefited by the tortious acts in any degree.

It is evident that subsequently to the service of his answer, Young was not advised of any further steps, and paid no attention to the action brought by Hill, but judgment that the plaintiff recover "of the defendants, and each of them," a certain named sum of money was entered and docketed August 25, 1888, long after Mr. Young had distributed all property which had come into his hands, as directed by the final decree. A part of the judgment has been paid, and the present action was brought by an assignee of the original judgment creditor to recover the residue from Mr. Young personally, as well as from the other defendants, who were devisees and legatees of the deceased. Judgment on the pleadings was ordered for all of the defendants save Young, and on the facts it was ordered in his favor. This appeal is from an order denying plaintiff's motion for a new trial.

The plaintiff's theory, as stated by his counsel, is that the present action is in the nature of *devastavit*, to support which, they admit it was incumbent upon them to first show a valid judgment against Young as administrator, and then to prove that subsequent to the commencement of the action, or at least after notice of the claim to the administrator, he has had sufficient funds in his hands to meet it, and, without retaining enough to pay the judgment rendered later, has distributed the same among the devisees and legatees.

The trial court expressly found the judgment to have been against Young as administrator, and we are of the opinion that this was correct. As an individual, Young was never made or considered a party to the suit. The acts constituting the supposed cause of action were alleged in the complaint to have been committed by him "as administrator," and "acting in his official capacity as such." It was evidently the purpose of the plaintiff throughout the entire proceedings to hold him as an administrator, and not personally. He never appeared in the case except in his official capacity, and the judgment actually rendered was against him as administrator. Moreover, in the present action the plaintiff pleads the judgment as against Young in his representative capacity, and avers that the action in which it was obtained was brought to recover the value of property belonging to plaintiff "received by Young in his official capacity as such, and appropriated by him as assets of the estate;" and the only ground on which he is sought to be held personally liable is that he has been guilty of *devastavit* by failing to retain in his possession sufficient funds belonging to the estate to liquidate the judgment. The suggestion made by appellant's counsel in their brief and upon the arguments, that the judgment was really against Young personally, cannot be adopted without rejecting as surplusage the words "as administrator" wherever they appear in the pleadings and proceedings in the original action, and the other allegations referred to, whereby counsel seem to have taken special pains to assert that the claim of the plaintiff was not against Young as an individual, but in his representative capacity. These words cannot be treated as surplusage. See *Yarrington* v. *Robinson,* 141 Mass. 450, (6 N. E. Rep. 382;) *Lamorere* v. *Cox,* 32 La. Ann. 246; *Austin* v. *Munro,* 47 N. Y. 360; *Rathbone* v. *Hooney,* 58 N. Y. 463; *Landon* v. *Townshend,* 112 N. Y. 93, (19 N. E. Rep. 424.)

The situation, then, is that pending the action against Mr. Young in his administrative capacity, and while he had in his hands sufficient assets of the estate to pay and discharge any judgment which might be obtained against him in that action, he petitioned the probate court for an examination and allowance of his final account, representing, among other things, that he had fully and completely

discharged his trust, and that the residue of the assets were ready for distribution, in accordance with the terms of the will. On this petition the court acted, wholly unadvised of the real facts. Its final decree was made, whereby all that remained of the trust funds was distributed among the legatees and devisees of the deceased, and the terms of this final decree were duly observed by the administrator, whose connection with the estate then terminated. If, as a matter of fact, the money which came into his hands through this alleged conversion of timber belonging to another person was considered by him as the property of the estate,—and we have no doubt it was,—his failure and omission to protect himself by awaiting the result of the action before closing his account and distributing the assets, of which he had control, can be no defense to the right of the plaintiff to recover upon the subsequently rendered judgment, unless we declare that under such circumstances any administrator or executor may disregard an action pending against him in his official character, or unless we hold the judgment to have been a nullity, adjudging no liability against Young either personally or as administrator. We have disposed of the contention that the judgment was a personal one, and, while it is true that from the complaint it seems that the tort complained of was really committed by him individually, the defect was not taken advantage of as it might have been. The complaint stated no cause of action against Young as an administrator, but he suffered judgment to be rendered upon it, and we are unable to see how he can now be permitted to avail himself of defects and omissions in the pleading, to avoid the conclusive effect of the judgment. If he can, a failure to allege a good cause of action in a complaint would be a defense in any action upon a judgment founded upon it.

Finally, it is said that it was incumbent upon the plaintiff in the original action to take notice of the application made by the administrator for a final decree in the matter of the Pinney estate, and that this decree, not having been set aside or reversed, is a complete defense to the present action; citing *Fern* v. *Leuthold*, 39 Minn. 212, (39 N. W. Rep. 399,) and *In re Kittson*, 45 Minn. 197, (48 N. W. Rep. 419.) The *Fern Case* has no bearing upon the ques-

tion, and all that can be claimed from the decision *In re Kittson* is that, if the pendency of the action against Young, as administrator, had been brought to the notice of the probate court, it would have furnished good ground for its refusal to grant the order of distribution. An administrator or executor cannot safely ignore the pendency of an action against him in his representative capacity, and upon his own motion bring about a settlement of the estate and a distribution of its assets.

Upon the findings of fact, then, the plaintiff in this action was before the court with a valid judgment against the defendant as administrator,—a final adjudication as between them of his liability, as such, to pay the amount of the same. He had sufficient assets in his hands to liquidate the liability, and, after the commencement of the action, voluntarily applied for and obtained a final decree of distribution of these assets from the probate court. Although it will prove a great hardship, the liability of the defendant was clearly established by the findings, and the order refusing a new trial must be reversed, with directions that judgment therein be entered for the plaintiff.

MITCHELL, J., dissents.

(Opinion published 53 N. W. Rep. 198.)