## McCLURE v. ADAMS.

### (Circuit Court, D. Nebraska. November 21, 1896.)

1. MORTGAGE FORECLOSURES—NECESSARY PARTIES.
   The holder of a first mortgage is not a necessary party to a suit for the foreclosure of a second mortgage, unless a decree is sought for the sale of the land free from all liens, in which case the holder of the first mortgage is a necessary party.

2. SAME—SALE—FAILURE TO PAY PURCHASE MONEY—RESALE.
   One F., owning a parcel of land, mortgaged it to M., and subsequently sold it to a party who made a second mortgage to A. A. having died, F. A. was appointed administrator of his estate, and brought suit for the foreclosure of the second mortgage, making M. a party. M. appeared, and filed a cross bill asking foreclosure of his mortgage. On the same day a decree of foreclosure was made on F. A.'s bill. An order of sale was afterwards made on this decree, directing the sheriff to sell the land, and bring the proceeds into court, to be applied—First, to the costs; second, to M.'s mortgage; and then to the A. mortgage. The land was sold to F. A. individually, who, however, never paid the purchase money, and the sale was confirmed, and a sheriff's deed made to F. A. Some 10 months later, M., finding that F. A. had not paid the money bid for the land, caused a second order of sale of the land to be made under a decree of foreclosure of his mortgage made on his cross bill, and under this order the land was sold to M., the sale confirmed, and a deed made to him, under which he entered into possession. F. A. subsequently tendered to M. the amount due on his mortgage, but he refused to accept it, and filed a bill against F. A. to quiet his title to the land. *Held* that, as the purpose of the suit instituted by F. A. was to obtain a sale of the land free from all liens, and as M. was made a party thereto, the sale and deed under the first order, based on the A. mortgage, conveyed to F. A., the purchaser, a title valid and superior to that claimed by M. under the second order, and M. was accordingly not entitled to a decree quieting his title.

3. SAME—EQUITABLE LIEN.
   *Held*, further, that as F. A. had not paid in the money bid upon the sale to him, an equitable lien upon the land might be enforced in favor of M. for the amount due him, and that a decree should be made declaring and enforcing such a lien if F. A. should not, within a time limited, pay into court the amount so due, with interest to the time of his tender.

This was a bill by Warren O. McClure against F. O. Adams to quiet title to certain realty situated in Harlan county, Neb. The cause was submitted on pleadings and proofs.

Cobb & Harvey, for complainant.
C. C. Flansburg, for defendant.

SHIRAS, District Judge. As gathered from the pleadings and stipulation of the parties, the facts in this case appear to be as follows: On the 28th day of June, 1882, John A. Finley, being then the owner of the realty in dispute, situated in Harlan county, Neb., executed a mortgage thereof to Warren O. McClure to secure the payment in five years of the sum of $300 and interest, the mortgage being duly recorded in the proper records of the county. Subsequently Finley conveyed the premises to another, so that in October, 1885, the title thereto was vested in Marshall D. Haddocks; and on the 17th day of December, 1885, Haddocks executed a mortgage to A. G. Adams to secure the payment of the sum of $567 and interest. Subsequently A. G. Adams died, and F. O. Adams was duly appointed administrator of his estate, and in that capacity, in October, 1890, he brought a suit to foreclose the mortgage executed

to A. G. Adams in the district court of Harlan county, Neb. To that suit Warren O. McClure was made a party defendant, being served by publication, and on the 10th day of February, 1891, he appeared in the district court of Harlan county, and obtained leave to answer and file a cross bill instanter, and thereupon he filed an answer, and also a cross bill, in which he set up the existence of the mortgage held by him, and prayed a decree for the foreclosure thereof. And on the same day, to wit, February 10, 1891, a decree was entered on the bill of foreclosure filed by F. O. Adams as administrator, in which it was found that there was due the complainant therein the sum of $850; that the Adams mortgage securing that sum was the second lien upon the property; that complainant was entitled to a decree of foreclosure; and that, if the defendants Marshall D. Haddocks and Mary F. Haddocks did not pay the sum due complainant within 20 days, an order of sale should issue to the sheriff of Harlan county, Neb., commanding him to appraise, advertise, and sell the mortgaged real estate as upon execution, and bring the proceeds thereof into court. The money adjudged due on the Adams mortgage not being paid, an order of sale, under date of March 20, 1891, was issued to the sheriff of Harlan county, commanding him to sell the mortgaged premises, and to bring the proceeds into court to be applied to the payment—First, of the costs; second, of the amount due Warren O. McClure; and, third, of the amount due F. O. Adams, administrator. In obedience to this order, the sheriff, on the 20th day of April, 1891, sold the premises at public sale to F. O. Adams, who bid therefor the sum of $800, and made due return of such sale to the district court of Harlan county. That court, on the 19th day of May, 1891, after due examination made, confirmed the sale, and directed the sheriff to execute a deed of the premises to the purchaser, and to put him into possession thereof, which was done on the 4th day of February, 1892. In the meantime, and on the 19th day of May, 1891, being the same day when the order was entered, confirming the sale of the premises to F. O. Adams, the district court of Harlan county entered a decree on the cross bill filed by Warren O. McClure, finding that there was due to said McClure the sum of $429, which was secured by mortgage on said realty, and that said mortgage was the first lien on the premises. It further appears that F. O. Adams in fact did not pay to the sheriff the amount by him bid at the sale above mentioned, although the sheriff's return was to the effect that the payment had been made, and thereupon, on the 26th day of March, 1892, Warren O. McClure procured the issuance of an order of sale upon the decree entered in his favor upon the cross bill, the same being issued by the clerk of the district court of Harlan county. Upon this order the sheriff again advertised and sold the premises at public sale on the 2d day of May, 1892, to Warren O. McClure, for the sum of $505, and on the 17th day of May this sale was confirmed by the court, and a sheriff's deed was thereupon executed and delivered to Warren O. McClure, under which he entered into the possession of the premises. Subsequently, at a date not shown in the evidence, but admittedly before the present bill was filed, F. O. Adams tendered to Warren O. McClure the full

amount of his judgment, interest and costs, which tender McClure refused to accept.

By a written stipulation, duly signed and filed, it is admitted by the parties hereto that the land in controversy is worth over $2,000, and that when this suit was brought the complainant was a citizen of the state of New York, and the defendant was a citizen of the state of Iowa; and it thus appears that the controversy is within the jurisdiction of the court. The theory of the complainant is that he has the better legal title to the land, but, as the defendant is not in possession, an action in ejectment will not lie, and therefore he can maintain in this court an action to quiet title under the provisions of the statute of Nebraska; and this position is sustained by the ruling of the supreme court in Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495.

From the statement of the facts just made it is apparent that the principal question for determination is whether Warren O. McClure, the complainant herein, obtained a valid title to the land by virtue of the sheriff's sale had on the 2d day of May, 1892, and this in turn requires the determination of the effect upon the title of the sale had in pursuance of the decree foreclosing the Adams mortgage. In the suit for the foreclosure of the Adams mortgage the present complainant, who held the first and paramount lien upon the land, was made a party defendant. He was not a necessary party thereto, as the bill for foreclosure of the second mortgage might have been so framed as to ask a sale of the realty subject to the prior mortgage held by McClure; but it was also open to the complainant therein to ask a sale of the land free from all liens, in which case the holder of the prior mortgage would be a necessary party. Thus, in Hagan v. Walker, 14 How. 28–37, it is said by the supreme court:

"But we consider the true rule to be that, where it is the object of the bill to procure a sale of the land, and the prior incumbrancer holds the legal title, and his debt is payable, it is proper to make him a party, in order that a sale may be made of the whole title. In this sense, and for this purpose, he may be correctly said to be a necessary party; that is, necessary to such a decree. But it is in the power of the court to order a sale subject to the prior incumbrance,—a power which it will exercise in fit cases."

In Jerome v. McCarter, 94 U. S. 734, it is said:

"It is undoubtedly true there are cases to be found in which it was ruled that prior incumbrancers were necessary parties to a bill for the foreclosure of a junior mortgage, but in most of these cases the circumstances were peculiar. Where the effort of the junior mortgagee is to obtain a sale of the entire property or estate, and not merely of the equity of redemption, there is reason for making the prior incumbrancers parties, for they have an immediate interest in the decree."

The decree and order of sale made by the court in granting a foreclosure of the Adams mortgage clearly show that the purpose was to sell the land, and not merely the equity of redemption held therein by the parties in whom the legal title rested, subject to all prior liens.

The present complainant, the owner of the prior lien on the realty, had been made a party defendant to the foreclosure proceedings, and had appeared therein. The decree and order of sale recognized the priority of his lien, and required that the proceeds realized from

the sale of the realty should be applied to the payment of the sum due him before payment therefrom could be made to the holder of the second mortgage. It is clear, therefore, that the purpose of the court was to order a sale of the land, the purchaser to take title thereto free from all liens or claims held by the parties to the suit, such liens being reverted to the proceeds of the sale. It is equally clear that the complainant herein understood that the sale was not to be made subject to the lien of his prior mortgage, for in the bill herein filed it is averred that the order of sale was duly issued to the sheriff of Harlan county, "commanding him to sell the said described mortgaged premises as upon execution, and according to law, and bring the proceeds of such sale into court, to be applied— First, to the payment of the costs; second, to the payment of W. O. McClure (being this plaintiff); and, third, to the payment of the claim of plaintiff in said action as administrator, who is the defendant in this action. Your orator further shows that L. E. Allen, sheriff of Harlan county, did offer said property for sale at sheriff's sale upon the 20th day of April, 1891, according to the instructions contained in said order of sale, and in conformity with law, and that the defendant, F. O. Adams, was the highest and best bidder for the said land, he bidding the sum of $800 for said land; whereupon the said L. E. Allen, sheriff of Harlan county, did sell said land to the said F. O. Adams, defendant herein, for the sum of $800. But your orator says that the defendant, F. O. Adams, did not pay at the time of said sale, nor has he paid since that time, any portion of said consideration of $800 over to the sheriff of Harlan county, or to any other person on account of said sale. * * * Your orator further avers that, not having received from the sheriff of Harlan county, nor from the clerk of said court, any of the money due him out of the proceeds of said sale, your orator, upon the 26th of March, 1892, did cause another and second order of sale to be issued in the case. * * *" The complainant herein, as the holder of the first mortgage, would have no right to claim any of the proceeds of the sale made upon the foreclosure of the Adams mortgage, if such sale was made subject to his mortgage; nor would he have any interest in the question of the payment of the purchase price at that sale, except upon the theory that the land was to be sold free from all liens, and the sum realized from the sale was to be applied to the payment of the liens in the order of their priority, as established by the order of sale granted by the district court of Harlan county. It is thus made clear that when the first sale of the mortgaged premises was had, under the decree foreclosing the Adams mortgage, it was the purpose of the court and the understanding of the parties that the land should be sold, the purchaser taking the same free and clear from all liens held by the parties to the suit. In this form, and with this intent, the sale was had, and was reported to the court for confirmation. When the case came up upon the question of confirming the sale,—which was 30 days after the date of sale,—it was open to the complainant herein, as the holder of the prior lien, and a party to the record, to oppose the confirmation, if necessary for the protection of his rights. He did not do so, and

the court, having full jurisdiction over the parties and the subject-matter, granted an order confirming the sale, and directing the execution of a proper sheriff's deed conveying the premises to the purchaser, F. O. Adams. This deed was executed and delivered, and thereby the legal title of the premises, free and clear from all liens created by the mortgage to Warren O. McClure and by the mortgage to A. G. Adams, was conveyed to F. O. Adams, the purchaser at the sheriff's sale. When the complainant herein discovered that the money bid at the sale had not been paid into court, he might possibly, by prompt action in the district court of Harlan county, have procured a rescission of the order confirming the sale. He, however, took no action to this end, and in fact did nothing for 10 months after the entry of the order confirming the sale to Adams, when he procured the issuance of the second order of sale. When this order was issued it does not appear that the attention of the court was called to the condition of the record. No action was taken affecting the previous orders made in the case, and the decree of sale, the order of sale, the report of the sale, and the confirmation of the sale had upon the Adams mortgage remain to this day in full force and effect. The only legal or equitable right which the complainant herein had, when he caused the second order of sale to be entered, was the right to demand the payment of the sum bid by F. O. Adams at the sheriff's sale. Several remedies to compass this end were then open to him. If the sheriff had returned that the money bid at the sale had been paid him, when in fact it had not been so paid, then complainant could have sued the sheriff for making a false return, or a suit could have been maintained against F. O. Adams for the amount of his bid, he having accepted the title of the land by taking the sheriff's deed thereto; or, if Adams could not be reached, or was insolvent, by a proper proceeding an equitable lien might have been declared upon the land for the purchase price bid, but not paid, by F. O. Adams. Instead of seeking some such remedy to enforce the payment of the money due him, the complainant, after a delay of 10 months, chose to ignore the action had upon the sale made upon the Adams mortgage, and procured the issuance of the second order of sale. This order was procured upon the theory that the lien of the mortgage executed by Finley to the complainant herein still attached to the land; but it is clear that, so long as the previous sale had upon the Adams mortgage, and the title based thereon, remains in force, the lien of the mortgage held by complainant is not in force, having been merged in the sale made to Adams. In effect, when the second order of sale was issued, based upon complainant's mortgage, the property had already been sold, free and clear from the lien of that mortgage, and therefore the complainant had no right to again subject the land to a sale upon the mortgage held by him. But it may be said that, although it was error to grant the second order of sale, yet in fact it was granted, a sale was had thereon, and the parties to the record are bound thereby. When the decree of foreclosure of the McClure mortgage was granted, the record did not present any issue with regard to the sale to Adams, nor did the decree deal therewith. It

simply found the amount due on the McClure mortgage, and declared the same to be the first lien on the land. There is nothing in the decree nor in the cross bill upon which it was founded which can be construed to be an attack upon the decree entered upon the Adams mortgage, or upon the sale had thereon or the title derived therefrom.

Furthermore, this decree, and the order of sale based thereon, are not, in any sense, binding upon the present defendant. He was not a party to the original foreclosure suit, nor to the cross bill filed therein by the complainant herein. F. O. Adams, in his capacity of administrator of the estate of A. G. Adams, was the complainant in the original foreclosure proceedings, but he was not a party thereto in his individual capacity. The general rule is that a judgment for or against one in a representative capacity, such as executor, administrator, trustee, or the like, is not available or binding upon him in another proceeding to which he is a party in his individual capacity. Whitney v. Pinney, 51 Minn. 146, 53 N. W. 198; Jones v. Blake, 2 Hill, Eq. 629; Rathbone v. Hooney, 58 N. Y. 467; Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69. Therefore there is nothing in the decree entered upon the cross bill filed by the present complainant in the original foreclosure proceedings, nor in the subsequent proceedings based thereon, which precludes or estops the present defendant from relying upon the validity of the title conveyed to him by the decree and sale had upon the foreclosure of the Adams mortgage and the sheriff's deed executed to him in conformity with the decree of the court confirming that sale. The decree, sale, and deed based upon the Adams mortgage certainly conveyed to the purchaser a title in the land. The question of the validity thereof, and of its effect upon the lien of the Finley mortgage, owned by complainant, had never been brought in issue until the institution of the present suit, and there has been no decree or adjudication rendered upon that question which affects or binds the present defendant. The bill in the present case shows that the defendant holds the title derived from the foreclosure and sale of the premises under the decree based upon the Adams mortgage, and that the complainant claims title under the decree and sale upon the cross bill based upon the Finley mortgage, and thus is squarely presented the issue between the two titles.

As already stated, it seems clear that the title held by the defendant Adams is valid, and is superior to that claimed by complainant. When the sale upon the decree foreclosing the Adams mortgage was had, to which the complainant was a party, the only interest or right left in complainant was the right to be first paid out of the proceeds of the sale. If the purchaser at that sale had promptly paid the amount of his bid to the sheriff, or into the district court of Harlan county, there would be no question that the only right the complainant would have would be to the money thus paid in, and the only right or equity now possessed by the complainant is to demand the payment of this sum. As already stated, the answer avers, and it is admitted that the averment is true, that, before the present suit was begun, the defendant, Adams, tendered to the com-

plainant the full amount due him on the Finley mortgage, including interest and costs. The duty rests upon the defendant, Adams, to make good his bid at the foreclosure sale, and the complainant is bound to accept the sum in discharge of the mortgage held by him.

The defendant has admitted upon the record that he failed to pay, at the time of the sale to him, the amount bid by him for the land, and a court of equity is justified in enforcing an equitable lien upon the land in favor of complainant for the sum thus bid by the defendant. In this way justice will be done to both parties. The result, therefore, is that complainant cannot be deemed to hold the better title to the land, and is not, therefore, entitled to a decree quieting his title thereto; but, as it appears that the defendant has not paid the sum bid by him at the foreclosure sale, although tender thereof has been made by him, the complainant is entitled to be paid this amount in order to fulfill the terms of the decree under which the defendant holds title. The decree will therefore be that, if the defendant, Adams, within 60 days from the entry of this decree, shall pay into court the amount of the bid made by him, with legal interest thereon up to the date of the tender made by him, then the bill shall be dismissed on its merits, at costs of complainant; but that, if said payment be not thus made, the amount of said bid, with legal interest to date, shall be declared to be a lien upon said realty, and said complainant shall have leave to apply to the court for a further decree directing the sale of said land, and the proper application of the proceeds; the complainant to pay the costs up to the date of this decree, and the defendant to pay the costs subsequent thereto.