STATE ex rel. FANNY LORD v. EDMUND W. BAZILLE.[1]

May 29, 1903.

Nos. 13,557—(194).

Probate Court—Prohibition.

 The probate court has jurisdiction to hear and determine an application by an interested party to set aside its final decree and grant leave to a creditor to file and present a claim against the estate, and a writ of prohibition will not issue from this court to restrain that court from hearing and determining such an application.

Order issued from the supreme court upon relation of Fanny Lord, in her own right and as guardian of Amy Lord, a minor, requiring respondent, as judge of the probate court for Ramsey county, to show cause why a writ of prohibition should not issue to restrain said court from entertaining jurisdiction of an applica-

[1] Reported in 95 N. W. 211.

tion made therein to vacate a final decree in the matter of the estate of Samuel D. Lord, deceased, and for permission to file a claim. Order discharged.

*A. R. Capehart*, for relator.

*Charles J. Berryhill*, for respondent.

BROWN, J.

Order to show cause why a writ of prohibition should not issue to respondent. Without unnecessary detail, the facts in the case are as follows: One Samuel D. Lord died in November, 1899, and his estate was duly administered in the probate court of Ramsey county, a final decree of distribution having been made, assigning his estate to the persons entitled thereto, on June 25, 1901. Subsequent to the entry of the final decree, Charles J. Berryhill, on behalf of himself and another, made application to the probate court of that county to vacate the final decree, reinstate the proceedings, and permit him to present and file a claim against the estate. The application was in due form, and notice thereof given to the persons interested in the estate; whereupon application was made to this court for an order to show cause why a writ of prohibition should not issue restraining and enjoining the probate court from hearing or determining such application.

The order to show cause must be discharged. The writ of prohibition is an appropriate remedy in all cases where a court or tribunal is attempting to exercise unauthorized jurisdiction. It does not issue for the purpose of interfering with the exercise of its usual authority or jurisdiction. State v. Municipal Court, 26 Minn. 162, 2 N. W. 166; State v. Ward, 70 Minn. 58, 63, 72 N. W. 825. There can be no doubt whatever that the probate court had authority and jurisdiction to hear and determine the application of Berryhill to set aside the final decree in the Lord estate, and, if proper reasons were shown, to permit the filing of an account against the estate. Such matters are exclusively within the jurisdiction of that court, and this court has no power to restrain or prohibit its exercise of the same. Fern v. Leuthold, 39 Minn. 212, 39 N. W. 399; Levi v. Longini, 82 Minn. 324, 327, 84 N. W. 1017, 86 N. W. 333. The remedy of relator, if the probate court grants

the relief upon an insufficient showing, is by an appeal, and that remedy is exclusive. The probate court is not attempting or threatening to exercise a jurisdiction not conferred upon it, and it is not ousted from jurisdiction merely because of a suspicion on the part of relator that it will make an erroneous decision, nor because the conduct of Berryhill in making the application to the probate court annoys her or her attorney.

Order to show cause discharged.