| 98 | 415 |
| 100 | 129 |

| 98 | 415 |
| 106 | 388 |

CARISTE BERGERON, Applt. from decree of Judge of Probate,

ESTATE OF CAROLINE COTE.

Androscoggin.     Opinion January 4, 1904.

*Probate Court,* Power to revoke decrees. *Assignment,* of distributive shares. *Appeal,* vacates a decree. *R. S. (1883), c. 63, § 25.*

After a decree of distribution has been inadvertently made by the Probate Court, containing manifest errors of fact which were not considered or determined by the court, that court at a later term, but before the decree has been in any way acted upon, can annul and revoke such former decree on account of the manifest errors and mistakes contained therein, upon the application of some person interested and after notice to all others interested.

After a decree of distribution has been inadvertently made by the Probate Court, containing manifest errors and mistakes in relation to the amounts to be distributed and the distributive shares to which those interested were entitled, a new petition by the administrator for an order of distribution, in which he sets forth the undisputed facts in regard to the persons entitled to a distributive share and the amount to be distributed, and which differs entirely from the former petition and decree, must be regarded as containing by necessary implication so clear a prayer for the revocation of the previous decree, as to have the effect of such an application.

The question of the validity of an alleged assignment of his distributive share by a person entitled thereto, does not arise either in the Probate Court or in the Supreme Court of Probate upon the question of distribution. This question must be settled in the common law courts, and the decree of distribution is to be made irrespectively of any such alleged assignment.

Upon the issue of fact raised by the first reasons of appeal, it is considered by the court that there is a clear preponderance of evidence that Magloire

Cote was legally married to the deceased Caroline Cote and was her hus-
band at the time of her death, and is consequently entitled to the distrib-
utive share decreed to him by the judge of probate.

See next case, *Drew, Judge of Probate* v. *Provost*, p. 422.

On report. Appeal from Probate Court dismissed. Decree in
probate affirmed.

Appeal from the Probate Court, Androscoggin County, to the
Supreme Judicial Court sitting in probate, and reported by the pre-
siding justice to the law court for determination upon the reported
evidence. The right was reserved to each party to make any objec-
tion in the law court to the admissibility of any of the evidence so
reported, as if made at the production of the same in the court at
nisi prius.

Other facts appear in the opinion.

It was admitted that Caroline Cote died at Auburn, Androscoggin
County, on the 24th day of May, 1898, and that thereafterwards the
defendant, Regis Provost, was duly appointed administrator upon
her estate by the Probate Court, for that county, at the September
term, 1898.

At the July term, 1900, Magloire Cote, claiming to be the hus-
band of the deceased, Caroline Cote, filed a petition for distribution,
upon which order of notice was made by the court under its general
order of notice returnable at the August term, 1900, at which term
without hearing and without the presence of any of the parties the
Judge of Probate made an order of distribution, as shown by his
order upon the petition. The petition, order of distribution and so
much of the general order of notice as is applicable to this matter
were to be printed and made a part of the case.

It was admitted that no appeal was ever taken from this order.

It was admitted that at the September term, 1900, the adminis-
trator filed a petition for distribution of the funds in his hands upon
which notice was duly ordered returnable at the October term of the
court. This latter petition and so much of the general order as is
applicable thereto were printed and made a part of the case.

During a term of the Probate Court held at Auburn within the
County of Androscoggin, on the 19th day of December, 1900, the

court made a decree of distribution upon the administrator's petition, and as a part of the said order made this order, as follows:

"The order of distribution of said estate made August 14th, 1900, on the petition of Magloire Cote, having been inadvertently made without hearing, and it appearing that the said administrator has not made any distribution, it is ordered and decreed that said order of distribution be, and is hereby revoked and annulled."

This decree was signed by the judge of probate and was made a part of the case.

Appeal was duly taken from this latter decree (but not from the order attempting to annul the previous decree of distribution) and reasons filed as required by law, and appeal entered at the January term of the Supreme Judicial Court for Androscoggin County; which appeal, and the reasons therefor were made a part of the case.

The evidence relating to the marriage, etc., of Magloire Cote is omitted here.

*D. J. McGillicuddy and F. A. Morey,* for Bergeron.

*H. W. Oakes, J. A. Pulsifer and F. E. Ludden,* for Cote.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J.  At the July term, 1900, of the Probate Court for Androscoggin County, one Magloire Cote, claiming to be the husband of Caroline Cote who had died in 1898, and upon whose estate administration had been granted, filed a petition for distribution of the funds in the possession of the administrator, not necessary for the payment of debts and the expenses of administration, nor specifically bequeathed, alleging that the amount to be distributed was the sum of $3561.60 and that he as husband was entitled to a distributive share of one-half, and that three persons named as brothers and that one named as a child of a deceased sister were each entitled to one-fourth of the remaining half. Upon this petition for distribution notice was duly ordered and made, and at the August term following the judge of probate made a decree of distribution based upon and in accordance with the prayer of this

petition.  The decree was made without a hearing and without the presence of any of the persons interested.

This decree was admittedly erroneous in two important respects : the amount, stated in the petition and decree to be distributed, was larger than the sum in the administrator's hands and in both the petition and decree one brother was named twice under different Christian names, so that if the petitioner was the husband of the deceased, which is one of the disputed issues in the case, and therefore entitled to one-half of the estate, the two surviving brothers and the daughter of the deceased sister were each entitled to a distributive share of one-third rather than one-fourth of the remaining one-half.

At the September term of the Probate Court for that county the administrator filed a petition for distribution, setting forth the correct amount in his hands for distribution, correctly naming the two brothers and the daughter of the deceased sister as persons entitled to distributive shares and stating that Magloire Cote claimed to be the husband of the deceased and as such entitled to a distributive share.  Upon this petition after due notice of the hearing, the judge of probate made a new decree of distribution in which he decreed that Magloire Cote was the husband and as such entitled to one-half share and that the two brothers and daughter of the deceased sister were each entitled to a distributive share of one-third of one-half of the amount remaining to be distributed.  In this last decree the following language is used:  "The order of distribution of said estate made August 14, 1900, on the petition of Magloire Cote, having been inadvertently made without a hearing, and it appearing that the said administrator had not made any distribution, it is ordered and decreed that said order of distribution be and is hereby revoked and anulled."  From this decree one of the parties interested, a brother of the deceased, appealed to the Supreme Court of Probate, giving two reasons of appeal as follows:—

"1st.  Because the said Magloire Cote was not the husband of the said Caroline Cote at the time of her decease.

2nd.  Because the said Magloire Cote previous to the date of said decree had assigned in writing all of his right, title and interest in

and to the estate of the said Caroline Cote to the said Cariste
Bergeron and for the above reasons said Magloire Cote should not be
made a party to said distribution."

Upon the issue of fact raised by the first reason of appeal, it is
sufficient to say that in our opinion there is a clear preponderance of
evidence in support of the proposition that Magloire Cote was legally
married to the deceased Caroline Cote and that, although they had
not lived together many years previous to her death, no divorce had
ever been granted to either of them; he was consequently the hus-
band of Caroline at the time of her decease and entitled to the dis-
tributive share decreed him by the judge of probate.

For the reasons stated in *Knowlton* v. *Johnson,* 46 Maine, 489,
and re-affirmed in *Tillson* v. *Small,* 80 Maine, 90, the question of the
validity of the alleged assignment by the husband does not arise
either in the Probate Court or in the Supreme Court of Probate
upon the question of distribution. This question must be settled in
the common law court, and the decree of distribution is to be made
irrespectively of any such alleged assignment.

But another, and perhaps much more important question is pre-
sented by the facts above set forth, viz: whether or not the Probate
Court after it has once made a decree of distribution, can at a later
term, but before the decree has been in any way acted upon, upon
the application of some person interested and after notice to all
persons interested, annul and revoke that decree on account of mani-
fest errors and mistakes, contained therein, and as to which there
was no hearing and actual determination by the court, and make a
new decree, as to the same property to be distributed, correcting
those manifest errors of facts contained in the former decree. We
think that a Probate Court has an inherent power to correct such.
manifest errors and mistakes of facts contained in its own former
decree, when it can be done without prejudice·to any person who has
acted upon such decree. If it does not have this power, great injus-
tice and irreparable injury would occasionally be done in cases, of
which the one at bar affords an example. True, such errors might
be corrected in the Supreme Court of Probate upon an appeal, but an
appeal must be taken within a very limited time after the decree

below had been made; a remedy also is provided by R. S. (1883), c. 63, § 25, whereby any person who has neglected to take his appeal within the prescribed time may, under certain circumstances, apply to this court for permission to do so; but even this application must be made within one year after the decree below is made.

In this case, as we have seen, the first decree ordered the distribution of a larger sum of money than was in the administrator's hands; it ordered the payment to a niece and to one brother of the deceased of one-eighth of the estate each, when each was entitled to one-sixth, it directed the payment to another brother, under two names, of one-fourth of the estate, when he was only entitled to one-sixth. As to these mistakes. there is no question or dispute; at the present time no method is provided by statute whereby these errors can be corrected in the Appellate Court. It cannot be possible that our system of probate law is subject to the reproach, that such a decree, inadvertently made, must be allowed to stand and cannot be corrected either by the court which made it or by any other. And this case is by no means an isolated one, for in the proceedings of all courts inadvertent errors and mistakes will sometimes occur, frequently without the fault of any of the parties. The power to correct mistakes of this kind in its decree, before such decrees have been acted upon must necessarily exist in the court that made them, and such a power is essentially necessary for the promotion of justice.

We do not believe that any danger can result from the establishment of the doctrine that this power is vested in the Probate Court. There is no reason to apprehend that such a power may be unjustly exercised. It is vested in the same court which is intrusted with the original jurisdiction over all such matters. And every action of the Probate Court in modifying or revoking a decree previously made is subject to the right of appeal by any person aggrieved to the Supreme Court of Probate. We do not hold that a Probate Court can, after the term it was made, annul or modify a decree as to a matter which was passed upon and determined in the making of such decree, or that even such a decree as this would not be ample protection to any person who had acted upon it, but simply that before a decree has been acted upon, upon application by a person interested and after

notice to all persons interested, that the Probate Court may annul or modify a previous decree containing manifest errors and mistakes, · inadvertently made and which were not considered by the Probate Court and determined by it.

These views are fully sustained by the case of *Waters* v. *Stickney,* 12 Allen, 1, 15, frequently affirmed by the Massachusetts court, and in the exhaustive opinion of which a great many authorities are reviewed. The language of the court giving its conclusion upon the question is so appropriate that we quote it. "In the face of these authorities it is impossible to deny the power of a court of probate to approve a subsequent will or codicil, after admitting to probate an earlier will by a decree the time of appealing from which is past; or to correct errors arising out of fraud or mistake in its own decrees. This power does not make the decree of a court of probate less conclusive in any other court, or in any way impair the probate jurisdiction; but renders that jurisdiction more complete and effectual, and by enabling a court of probate to correct mistakes and supply defects in its own decrees, better entitles them to be deemed conclusive upon other courts. There is no reason to apprehend that such a power may be unjustly exercised. It is vested in the same court which is intrusted with the original jurisdiction over all probates and administrations. No decree admitting a later instrument to probate, or modifying or revoking a probate already granted, can be made without notice to all parties interested; every party aggrieved by the action of the probate court has the right of appeal to this court; and an application of this nature, when one will has already been proved, would never be granted except upon the clearest evidence. The new decree would not necessarily avoid payments made or acts done under the old decree while it remained unrevoked."

See also *Gale* v. *Nickerson,* 144 Mass. 415 and *Cousens* v. *Advent Church,* 92 Maine, 292.

It is true that in this case there was no direct application to the Probate Court in terms to revoke or modify this former erroneous decree, but the petition of the administrator, in which he asks for an order of distribution of the same fund and in which he sets forth the

undisputed facts in regard to the persons entitled to a distributive share, differing entirely from the former petition and decree, and the claim of Magloire Cote, that he was the husband of the deceased, must be regarded as containing by necessary implication so clear a prayer for the revocation of the previous decree, as to have the effect of such an application. Upon this petition due notice was ordered and given and a hearing had.

We are, therefore, of the conclusion that the decree appealed from, including the revocation of the previous decree was within the power of the Probate Court, and that the appeal cannot be sustained upon either of the reasons for appeal given.

> *Appeal dismissed with costs against the appellant.*
> *Decree of Probate Court affirmed.*