# IN RE ESTATE OF LUDVIG A. KOFFEL, DECEDENT. HEALY-OWEN-HARTZELL COMPANY AND ANOTHER, APPELLANTS.[1]

November 23, 1928.

No. 26,861.

**Probate court may vacate its final decree for fraud or mistake.**

1. The probate court has power to vacate its final decree on the ground of fraud, mistake, inadvertence or excusable neglect, upon proper application seasonably made.

**Claim upon collateral note must be filed and allowed in probate court before it can be paid.**

2. A claim to recover upon a promissory note, although held by a claimant as collateral, is a claim on contract for the recovery of money and is required to be filed and allowed as a claim in probate court in order to entitle the claimant to receive payment out of the estate of a deceased person.

**When claim in judgment stands as allowed against the estate.**

3. Where however judgment is rendered against an executor or administrator, in his official capacity, in a state or federal court, and is presented to the probate court while administration of the estate is pending and before the estate has been distributed by final decree, such judgment, although presented after the time to file claims has expired, stands as an allowed claim against the estate. Unless reversed or set aside, the judgment is conclusive and cannot be questioned on the ground that the claim upon which it was obtained should have been filed and allowed in the probate court.

**Real estate assigned by final decree passes from control of court and is discharged from further administration.**

4. The administration of an estate in probate court is closed by the final decree, and real estate assigned by such final decree passes out of the control of that court and is discharged from further administration.

[1] Reported in 222 N. W. 68.

**Neither probate court nor district court can vacate decree as to real estate without notice to its owners.**

5. A proceeding to vacate a voidable final decree is a new proceeding by direct attack. Title to the real estate sought to be reached has then passed to other persons and the property is no longer a part of the estate of the decedent. Neither the probate court, nor the district court on appeal, has authority to vacate the decree without notice to the persons who then hold title to such real property.

Courts, 15 C. J. § 440 p. 1020 n. 75; § 441 p. 1021 n. 81.

Executors and Administrators, 24 C. J. § 954 p. 332 n. 66; § 955 p. 334 n. 73; § 1395 p. 527 n. 87; § 1400 p. 529 n. 8; p. 530 n. 10.

Appellants appealed to the district court for Lac qui Parle county from an order of the probate court, Sorknes, J. denying their application to set aside the final decree of the probate court in the estate of Ludvig A. Koffel, deceased, and allow certain claims of appellants. The district court, Qvale, J. affirmed the order of the probate court. From an order denying their motion for a new trial, appellants appealed. Affirmed.

*H. V. Mercer & Company* and *Daly & Barnard,* for appellants.

*J. O. Haugland,* for respondent.

OLSEN, C.

Appeal by Healy-Owen-Hartzell Company and Northwestern National Bank of Minneapolis, hereinafter called the appellants, from an order denying their motion for a new trial.

Ludvig A. Koffel died intestate in Lac qui Parle county, this state, on November 25, 1922. His estate was administered in the probate court of that county. Carl Koffel, hereinafter called the respondent, was appointed administrator of the estate. In regular course of proceedings in the probate court, the estate was closed and final decree therein made and entered on September 10, 1923. The residue of the estate, after payment of debts, expenses and charges, consisted of 360 acres of land in this state, which was by the final decree assigned to and vested in Karen O. Koffel, as sole heir. There was no residue of personal property. All probate proceedings were regular in form and upon due notice as prescribed by statute.

Karen O. Koffel, to whom such real estate was assigned, was a resident of this state and died on May 28, 1925.

On June 25, 1925, the appellants presented to said probate court a petition and motion to vacate the final decree entered in said matter on September 10, 1923, and to have the administration of the estate reopened and the administrator ordered to pay appellants' claim out of the assets of the estate, and for such other relief as the court might deem just. An order to show cause why the petition and motion should not be granted was issued and served upon Carl Koffel, as administrator. Karen O. Koffel was named as one of the persons to be served but, as stated, she had died prior to the filing of the petition and issuance of the order to show cause. Hearing was had before the probate court on the motion and order to show cause on July 11, 1925, and that court thereafter, on December 31, 1925, made and entered its order denying appellants' motion and petition. From that order appeal was taken to the district court. In the district court the order appears to have been treated as an order refusing to allow a claim. Pleadings were made up and the matter tried before the court on April 28, 1927, and an order made October 20, 1927, affirming the order of the probate court. Appellants then made a motion for a new trial, from the denial whereof this appeal was taken.

The facts upon which appellants base their claim to have the final decree in the Ludvig A. Koffel estate vacated and the assets of the estate applied to the satisfaction of their claim are substantially as follows: In 1922, prior to the death of Ludvig A. Koffel, the Healy-Owen-Hartzell Company commenced an action against Montevideo Farmers & Merchants Elevator Company, Ludvig A. Koffel, and numerous other defendants, including the Northwestern National Bank, to recover judgment against the elevator company for a large sum of money; to foreclose liens against the property of that company, held as security; and to recover personal money judgments in favor of the Healy-Owen-Hartzell Company and the bank against Koffel and others upon promissory notes held as collateral security for the indebtedness of the elevator company. The

action was pending at the time of Koffel's death. After his death and after the appointment of this respondent as administrator of his estate, appellants dismissed that action, and in January, 1923, commenced a new action for the same purpose and against the same defendants, except that respondent, as administrator of the estate of Ludvig A. Koffel, was therein made a defendant instead of the decedent. Respondent appeared therein while the estate of Ludvig was pending in the probate court. The action was tried and resulted in a judgment in favor of Healy-Owen-Hartzell Company against respondent, as administrator, and others, including respondent personally, for the sum of $13,592.50, and a like judgment in favor of the Northwestern National Bank for the sum of $33,981.25. These judgments were entered on December 18, 1924, after the estate of Ludvig A. Koffel had been closed, and have not been paid, except $1,000 paid thereon. Appellants filed no claim against the estate of Koffel during the time it was being administered in probate court. So far as appears, these judgments were not presented to the probate court until the presentation of the petition and motion in June, 1925. It appears that respondent, at the time he administered and obtained final decree in the Koffel estate, did not inform the probate court of the pendency of the action in which these judgments were obtained. This is alleged as fraud, and appellants claim it is such fraud as to entitle them to have the final decree vacated as prayed for. Appellants had notice and knowledge of the death of Koffel and the appointment of respondent as administrator, but deny any notice or knowledge of the final decree until shortly before this proceeding to vacate same.

1. The probate court has the power to vacate its final decree on the ground of fraud, mistake, inadvertence or excusable neglect, upon proper application seasonably made. Its power in that respect is probably the same as that of the district court. G. S. 1923, §§ 8701, 8983, 9283; State ex rel. Lord v. Bazille, 89 Minn. 440, 95 N. W. 211; Tomlinson v. Phelps, 93 Minn. 350, 101 N. W. 496; Savela v. Erickson, 138 Minn. 93, 163 N. W. 1029.

2. The claims of the appellants against Ludvig A. Koffel were not contingent claims nor matters for equitable suits against him. These were legal claims for the recovery of money upon promissory negotiable notes, and could have been filed as claims in the probate court. The fact that the notes were held as collateral security for a claim against the elevator company, and that such claim was also secured by liens upon the property of that company, made the indebtedness of Koffel on the notes neither contingent claims nor equitable causes of action. Appellants at all times had more coming from the elevator company than the amount of the notes.

3. But it is not now important whether these claims could or could not have been filed as claims against the estate. Suit was brought thereon against the administrator while he was acting as such and before the estate was closed. He appeared therein, as administrator, and defended. The action resulted in these judgments against him, as administrator. The judgments are binding and conclusive, and he cannot now question the right of the appellants to bring the suit in the district court instead of filing claims in the probate court, nor can he now raise the question that the claims should have been filed in probate court. He could have interposed these defenses in the former action. G. S. 1923, § 8815; Whitney v. Pinney, 51 Minn. 146, 53 N. W. 198.

When a judgment is rendered against an executor or administrator, in his official capacity, in a state or federal court, and is presented to the probate court while administration is pending and before the estate has been distributed by final decree, such judgment stands as an allowed claim and is to be paid in the regular course of administration. Berkey v. Judd, 27 Minn. 475, 8 N. W. 383; Whitney v. Pinney, 51 Minn. 146, 53 N. W. 198; Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583; Oswald v. Pillsbury, 61 Minn. 520, 63 N. W. 1072; Connecticut Mut. Life Ins. Co. v. Schurmeier, 117 Minn. 473, 136 N. W. 1, Ann. Cas. 1913D, 462.

4. When judgment against the executor or administrator is not obtained or presented to the probate court until after real property of the estate has been assigned by final decree and vested in heirs

or devisees, a different situation arises. The administration of the estate of a deceased person in probate court is a proceeding in rem. Fridley v. Farmers & M. Sav. Bank, 136 Minn. 333, 162 N. W. 454, L. R. A. 1917E, 544; In re Estate of Barlow, 152 Minn. 249, 188 N. W. 282; In re Estate of Eklund, 174 Minn. 28, 218 N. W. 235. But notice to persons interested in the estate is required. G. S. 1923, § 8709. When the administration is closed by final decree and real estate assigned to and vested in heirs or devisees, nothing remains in the probate court for further administration. The real estate so assigned passes out of control of the probate court, is discharged from further administration, and ceases to be the estate of the deceased. State ex rel. Beals v. Probate Court, 25 Minn. 22; State ex rel. Lindekugel v. Probate Court, 33 Minn. 94, 22 N. W. 10; Hurley v. Hamilton, 37 Minn. 160, 33 N. W. 912; State ex rel. Dana v. Probate Court, 40 Minn. 296, 41 N. W. 1033; In re Scheffer's Estate, 58 Minn. 29, 59 N. W. 956; Schmidt v. Stark, 61 Minn. 91, 63 N. W. 255; Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99, 69 L. R. A. 785; Ganser v. Ganser, 83 Minn. 199, 86 N. W. 18, 85 A. S. R. 461; State ex rel. Matteson v. Probate Court, 84 Minn. 289, 87 N. W. 783; Whittaker v. Meeds, 146 Minn. 160, 178 N. W. 597; Security Tr. Co. v. Black River Nat. Bank, 187 U. S. 211, 23 S. Ct. 52, 47 L. ed. 147.

5. When therefore a proceeding to vacate such a decree is instituted, that is a new proceeding. Title to the property has then vested in the heirs or devisees; and, while the probate court is held to have power to vacate its decree for fraud, mistake, inadvertence or excusable neglect, which may render the decree voidable but not void, that power can only be exercised after due notice to the person or persons then holding title to the real estate. In re Estate of Ingram, 78 Cal. 586, 21 P. 435, 12 A. S. R. 80; In re Estate of Mitchell, 126 Cal. 248, 58 P. 549; Thomas v. Dumas, 30 Ala. 83; In re Estate of Cote, 98 Me. 415, 57 A. 584; Aull v. St. Louis Tr. Co. 149 Mo. 1, 50 S. W. 289; Lawyers Surety Co. v. Reinach, 25 Misc. 150, 54 N. Y. S. 205.

A voidable judgment, after the time to appeal therefrom has expired, cannot be vacated except upon notice to the party or parties interested in maintaining the judgment. Turner v. Even, 160 Minn. 238, 199 N. W. 751; Wetmore v. Karrick, 205 U. S. 141, 27 S. Ct. 434, 51 L. ed. 745. See 34 C. J. 350, citing cases from some 30 states.

Here the real estate had passed to third persons, not represented in any way by respondent or his attorneys. To divest a man of his title or muniments, even when he holds a voidable title, without notice to him, would violate well known constitutional provisions and legal principles. McNamara v. Casserly, 61 Minn. 335, 63 N. W. 880, clearly recognizes the rule stated. Without going back into the records, it may be assumed that in the several cases affirming the power of the probate court to vacate its final decree the persons holding the estate were brought in by due notice. In several of them, the opinion makes no reference to notice. The question was not raised, and presumably due notice was given. In the case of State ex rel. Lord v. Bazille, 89 Minn. 440, 95 N. W. 211, it is stated that the application was upon notice to the persons interested in the estate, that is, the persons to whom the estate had been assigned.

In the present case appellants recognized the necessity for such notice by providing that the order to show cause and notice of motion should be served upon Karen O. Koffel, the person to whom the real estate had been assigned. Unfortunately, and no doubt unknown to appellants, Karen O. Koffel had died before the application for the order to show cause was made. The real estate had presumably vested in other persons, subject to administration in her estate. This respondent, as administrator of the Ludvig A. Koffel estate, now represents no one having any interest in the real estate in question. Notice to him was of no effect, except possibly for the purpose of establishing personal liability on his part to these appellants. Under the holding in the case of Whitney v. Pinney, 51 Minn. 146, 53 N. W. 198, and other cases hereinbefore cited, the appellants may have the right to recover from respondent

personally. But as they already have valid judgments against him for the full amount of their claims nothing further could be accomplished by additional judgments.

For the reason stated neither the probate court nor the district court had authority to grant the motion to vacate this final decree; and, while a dismissal of the motion would have been more appropriate than a denial thereof, the order denying the motion for a new trial should be affirmed.

Order affirmed.