## IN RE ESTATE OF MARTIN ALFRED HAUGE.
## MINDA OLSON v. JAMES M. WITHEROW.[1]

January 5, 1945.

No. 33,944.

[1]Reported in 17 N. W. (2d) 305.

*James M. Witherow, pro se.*

*Henry C. Stiening,* for respondent.

JULIUS J. OLSON, JUSTICE.

This was an appeal from an order denying the motion of James M. Witherow for a new trial. To be considered and determined here is the question whether this court should grant his present motion, which is one to be relieved of default "in printing and filing his brief" within the time limited by Rule XI of this court, which provides (200 Minn. xxxi):

"Respondent may apply to the court for judgment of affirmance or dismissal if the appellant shall fail or neglect to serve and file the printed record and his brief as required by these rules. * * * If appellant is in default for 30 days and respondent does not move for dismissal or affirmance this court will dismiss the appeal without notice and without the allowance of costs and disbursements."

On December 7, 1944, we dismissed the appeal because appellant was "in default for more than thirty days in the service and filing" of his brief, "and respondent having made no motion either for an order affirming the order appealed from or for an order dismissing the appeal," therefore, under the provision of the rule, we ordered "that the appeal herein be, and it is hereby dismissed without the allowance of costs to either party."

In his affidavit supporting the motion appellant says:

"That affiant states frankly he was not aware of the rule mentioned, and that the reason for his delay in the completion of the brief is that he has been under the care of a physician for the last

sixty days for a temporary ailment and his physical condition has been very much impaired. That his brief in the above entitled matter is practically completed and ready for the printer and, if the court will remove the default and grant a reasonable extension of time that the same will be duly prepared and completed in ample time for argument.

"That this appeal is from an order of the court, and there is no final judgment in the matter, and that the hearing and disposal of the matter upon the order will greatly facilitate the adjustment and determination of the matters at issue between the parties in the premises."

We note that there is no affidavit or other proof respecting the nature of appellant's ailment, if such there be, from the doctor attending him. All we have is appellant's assertions.

Counsel for respondent vigorously resists the granting of any extension, assigning many reasons why he thinks the motion should not be granted. He avers that appellant has been seen on the streets of Moorhead and has attended court and participated in the trial of cases during the past 60 days, much as in the past; that he is and has been playing for time, one delay after another, over a period of many years. He points to certain incontrovertible facts, as disclosed by the printed record, which was prepared by appellant and filed in this court October 25, 1944. A recital of a few facts will be sufficient for our purpose.

On September 4, 1937, appellant was appointed administrator of the estate of one Martin Alfred Hauge, who died intestate April 18, 1937. He duly qualified on September 30 and is still acting in that capacity. On October 26, the probate court made its order limiting the time to settle the estate to 12 months from that date. No additional time has been granted or asked for. The hearing on claims was set for December 18, and only two claims were filed, both of which were paid that year. He never filed an inventory, hence there was no appraisal. He has been at all times inattentive to his official duties as administrator. He has failed to file any account of his doings, and no receipts or vouchers concerning the

estate have ever been filed. The estate has been largely dissipated. Appellant has appropriated estate moneys to his own use without any order or approval of the probate court, and there are many other items of neglect charged and proved. Furthermore, his corporate surety filed charges against him and demanded an accounting and other relief, which charges were heard on an order to show cause November 7, 1941, but to no avail.

The present proceeding was brought in August 1943 upon a petition setting forth in detail many charges of neglect, malfeasance, and nonfeasance. On order to show cause, the matter was heard, after issue joined, on September 29, 1943. The probate court found these charges true, stating fully wherein appellant was grievously at fault. The court concluded, after reciting the facts, that appellant should be, "and hereby is, removed as administrator of the within entitled estate"; that within ten days from the service of the findings and order he should file in that court an inventory showing all the assets of said estate which came into his hands as such administrator; that he should make and file a full and complete itemized and verified statement of account showing all receipts and disbursements from the time of his appointment until the date of that hearing, September 29, 1943.

Appellant then appealed to the district court where, after a hearing, that court found:

"* * * it conclusively and irrefutably appears from the admissions of the appellant himself upon the trial without reference to other evidence and from other evidence without reference to admissions of the appellant that the appeal is without merits."

Consequently, the court concluded that the appeal should be dismissed and that the order of the probate court should be affirmed.

Ordinarily, this court will relieve a party from a default of the nature here disclosed if reasonable grounds may be found on the showing made for the granting of such relief. The facts we have recited make it difficult to understand how appellant, with more than 40 years' experience as a busy and active lawyer, could be

unfamiliar with the rules of this court or of the duties resting upon him as administrator. The difficulty, as we see it, is that he has been careless and dilatory in the manner in which he has handled this estate and just as careless and dilatory in failing to heed our rules. As said by the trial court in its memorandum attached to the order here for review:

"The court takes judicial notice that appellant is an attorney and practitioner of many years' experience. As such, he is an officer of the court. And as administrator of the Hauge estate he was an officer of the Probate Court. The appellant at the same time was client, principal witness, and sole attorney. The subject matter of this action was nothing in which appellant has or could have any vested interest or right.

* * * * *

"* * * The facts pleaded in appellant's labeled 'Complaint,' which appellant filed and which purports to set forth the propositions upon which he would rely for a reversal of the order appealed from, are wholly insufficient, if true, to constitute any defense to the order of the Probate Court appealed from. The allegations thereof are obviously frivolous.

* * * * *

"The evidence offered and received upon the trial and not refuted or denied by the appellant although afforded abundant opportunity to do so, conclusively proved that appellant had wholly failed to file any inventory as required by the statute or at all, either as special or general administrator; that no appraisal of the estate had ever been made; that he withdrew large sums from the property of the estate upon the pretext that he was entitled to the same as attorney's fees and without order, allowance, or authorization of the court; and that he failed to close the estate within the time prescribed by law without cause or legal reason and that the order of the Probate Court appealed from ought to be affirmed."

■ We have held time and again that—

"* * * Under the constitution, as defined by the decisions of this

court, the probate court has exclusive jurisdiction over the estates of decedents. *This embraces absolute control over administrators and executors, and includes the necessary power to call them to proper accounting.''* (Italics supplied.) Betcher v. Betcher, 83 Minn. 215, 218, 86 N. W. 1, 2; 5 Dunnell, Dig. & Supp. § 7770c. See, also, 3 Dunnell, Dig. & Supp. § 3565.

■ The probate court's constitutional jurisdiction cannot be interfered with by the district court, by injunction or otherwise, except by virtue of its appellate and remedial jurisdiction. *Id.* § 7770d, and cases under note 66; also, § 7771. *Cf.* State ex rel. Lord v. Bazille, 89 Minn. 440, 95 N. W. 211.

■ The representative of a decedent's estate is an officer of the probate court appointing him and is subject to its control and directions. That court controls and administers the estate through the representative. 3 Dunnell, Dig. & Supp. § 3564c; Brown v. Strom, 113 Minn. 1, 5, 129 N. W. 136, 137; State ex rel. Benz v. Probate Court, 133 Minn. 124, 155 N. W. 906, 158 N. W. 234.

■ While a representative is not a trustee in the strict sense of that term so far as his title to the property of the estate is concerned, he is a trustee in the sense that he occupies a fiduciary relation toward those interested in the estate, and in a general way his duties and liabilities are those of a trustee. 3 Dunnell, Dig. & Supp. § 3565; First Nat. Bank v. Towle, 118 Minn. 514, 523, 137 N. W. 291, 294.

■ We have read the record with care and find nothing therein likely to limit or overturn the result reached by the courts below. In view of the fact that appellant is a lawyer of many years' experience, we cannot doubt that he was acquainted with the probate court's jurisdiction and his own duties in the premises. Hence the present motion must be and it is denied.

So ordered.