MATHILDA GOLLNIK v. ADELAIDE MENGEL and Others.[1]

November 11, 1910.

Nos. 16,647—(17)

**Death of ancestor by act of heir — right to inherit.**
     Under the statutes of this state, as now existing, the statutory heir may inherit, notwithstanding the death of the ancestor was caused by the wilfully criminal act of the heir.

Mathilda Gollnik petitioned the probate court for Morrison county for an order of court setting aside to her certain real estate as the homestead of William R. Gollnik, deceased, and praying that the court allow the selection of personal property. Adelaide Mengel, as one of the heirs of William R. Gollnik, deceased, and the guardian of four minor children of deceased, joined in objections on the ground that Mathilda Gollnik had been duly convicted of the murder of deceased, her husband, and sentenced to life imprisonment at hard labor for such murder. The petition was granted and peti-

[1]Reported in 128 N. W. 292.

[Note]   Homicide as affecting devolution of property, see note in 3 L.R.A. (N.S.) 726.

tioner, the administrator of the estate and the guardian of the minor heirs appealed to the district court for Morrison county. The appeals were heard by Taylor, J., who affirmed the order of the probate court. From that order, Adelaide Mengel and S. P. Brick, as administrator and guardian, appealed. Affirmed.

*D. M. Cameron,* for appellants.

*F. W. Lyon* and *Donat Trettel,* for respondent.

O'BRIEN, J.

Mathilda Gollnik was duly convicted of the crime of murder in the second degree, because of the killing by her of her husband, William R. Gollnik. Notwithstanding this, the probate court made an order setting aside to her, as the widow, the homestead and certain personal property. The order was affirmed by the district court, and is now here for determination.

The only question is whether the widow is barred from her statutory inheritance in her husband's property because his death was caused by her criminal act. This question received elaborate consideration in Wellner v. Eckstein, 105 Minn. 444, 117 N. W. 830. The court was divided upon it, but the case was disposed of upon the ground that the final decree of the probate court was conclusive. At the same time the views of the members of this court were fully expressed in separate opinions. Since the decision of that case Mr. Justice Elliott resigned as a member of the court, the writer taking his place, and at the risk of repeating a twice-told tale I venture to give my individual reasons for reaching the conclusion that the views expressed by Mr. Chief Justice Start in the Wellner case are convincing and should be adopted as the basis for the decision of this case.

I realize the full force of the views of Mr. Justice Elliott, so ably expressed by him in Wellner v. Eckstein, but am convinced that one of the highest duties resting upon the judicial department of the state is to refrain from trespassing upon the domain assigned to either of the other departments. The fact that under the constitution the responsibility of maintaining the separation in the powers of government rests ultimately with the judiciary should

make a court, from whose decision there is no appeal, hesitate before assuming a power as to which there is any doubt, and resolve all reasonable doubts in favor of a co-ordinate branch of the government, unless such conclusion leads to a palpable wrong or absurdity.

We are now asked to add to a clear and unambiguous statute an exception, and, while the demand in this instance appeals to every normal person's sense of justice, it would establish a rule of construction, the limitation of which no one could foresee. This is well illustrated by the present case. The respondent was convicted of murder in the second degree, which excludes the idea of deliberation or premeditation, so that the motive for the crime could not have been the acquisition of her husband's property. If her right to inherit in this case is denied, the same reasoning would justify a similar denial where the claimant was convicted of homicide in a still lower degree, and the judgment of judicial officers as to when and in what cases the statutory heir is entitled to inherit would be substituted for a legislative determination of that question.

Judgment affirmed.

LEWIS, J.

According to our statute, when committed with a premeditated design to effect death, the killing of a person is murder in the first degree. When the killing is intentional, but the element of premeditation is absent, it is murder in the second degree. Murder in the first degree necessarily implies a plan, deliberation, and motive, and when the party perpetrating the crime will acquire property as a result it should be considered conclusive that such was the motive behind the crime.

I am of the opinion that the statute of descent was never intended to apply to a case such as Wellner v. Eckstein. When a statute may be construed in accordance with reason, and a strict reading of the language leads to a result abhorrent to reason, the rule of implied exception should apply. In the application of this rule to cases of murder in the first degree, I can see no infringement of the legislative power, nor danger of conflict between the co-ordinate branches of the government. According to the construction given the statute

by the majority, it becomes an inducement for the commission of murder. Riggs v. Palmer, 115 N. Y. 506, 22 N. E. 188, 5 L.R.A. 340, 12 Am. St. 819; Perry v. Strawbridge, 209 Mo. 621, 108 S. W. 641, 16 L.R.A.(N.S.) 244, 123 Am. St. 510; 7 Michigan Law Review, p. 160.

But I admit that the rule of implied exceptions cannot apply when it does not conclusively appear that the murder was committed for the purpose of acquiring the property of the party murdered. In the present case, Mrs. Gollnik was indicted and convicted of murder in the second degree, and there was an absence of premeditation or plan, and although she killed her husband intentionally, it does not follow that the motive was the acquisition of his property.

For this reason, I concur in the result.

JAGGARD, J. (dissenting).

I respectfully dissent. The reasons, to be found in Judge Elliott's opinion, and allied considerations not there developed, apply to murder in the second degree as well as to murder in the first degree.