## SARAH SPRAGUE v. J. K. STROUD.

## GEORGE J. STROUD v. J. K. STROUD.[1]

February 24, 1911.

Nos. 16,896, 16,897—(166–168).

**Action against executor — findings — evidence.**

> Action to recover money alleged to be in the hands of the defendant as executor of the last will of J. C., deceased. The testator directed his executors to sell the residue of his estate after the death of his widow, and distribute the proceeds to his three stepsons, one of whom was the father (now deceased) of the plaintiff. The widow is dead. The trial court found in effect that the defendant had paid to the plaintiff in land the full amount of his interest in such residue, and as a conclusion of law directed judgment on the merits for the defendant. *Held*, that the evidence justifies the findings and conclusion.

Two actions, one by Sarah Sprague and the other by George J. Stroud, in the district court for Fillmore county to recover moneys in the hands of the executor of the last will and testament of Jonah Cadwalader, deceased, belonging to plaintiffs. The facts found by the court are stated in the opinion. The answers, after admitting the execution of the will and defendant's appointment as executor, denied that he had ever sold the real estate belonging to the estate of Jonah Cadwalader or that he was indebted to plaintiff, in any sum whatever. Defendant alleged that as executor he duly advertised all of the real estate belonging to the Cadwalader estate; that on October 29, 1904, it was offered at public auction and bid in by Benjamin T. Taber; that Taber paid no money whatever for the land, but that the sale was made for the sole purpose of dividing the land, as specified in a written agreement between defendant and the devisees and legatees under the will of Jonah Cadwalader, which was set out in the answers; that on November 17, 1904, Benjamin

[1]Reported in 129 N. W. 1053.

J. Taber conveyed the land to Elwood Stroud, William E. Stroud, Nellie Sedsvold, Clara Bacon, Sarah Sprague and George J. Stroud, the plaintiffs; that they accepted the conveyance in full payment of their respective interests in the Cadwalader estate, and that for more than four years they had used and enjoyed the land; that defendant fully administered the estate, and divided the whole after paying the debts and expenses to the parties entitled thereto; that on January 5, 1905, his final account was approved by the probate court, and he was discharged. The replies admitted that the agreement set out in the answer was signed by the persons whose names appeared thereon, but denied that either plaintiff signed it, or authorized anyone to sign it in their behalf, or accepted the conveyance thereunder in settlement of their interest in said estate, and offered to convey to defendant, or such persons as the court or defendant might direct, any title which might have been deeded to plaintiffs.

The cases were tried before Kingsley, J., who made findings of fact and as conclusion of law found that the part of the estate of Jonah Cadwalader, deceased, claimed by plaintiff Stroud as heir of William T. Stroud, deceased, and as residuary legatee of Martha A. Stroud, widow of William T. Stroud, deceased, and as assignee of the other two legatees of said widow, was in all things adjudicated in and by the decree of the probate court as having been paid and received by plaintiff prior to the making and entering of said decree; that said decree having been made while the probate court had jurisdiction of the estate of Jonah Cadwalader, deceased, and having confirmed the payments made by the executor prior to the making of the final account determined that said payments were made to the parties entitled thereto by name, said decree was within the jurisdiction of said court, imported absolute verity and could not be attacked in this collateral action. From an order denying the separate motions of plaintiffs for a new trial, they appealed. Affirmed.

*F. A. Duxbury,* for appellant.

*H. H. Hammer* and *Gray & Thompson,* for respondent.

114 M.—5.

[JAGGARD, J.][1]

The trial court found as facts that Jonah Cadwalader died in 1894, leaving a will whereby he devised to his wife, Sarah Cadwalader, an estate in all his property during her life. Upon her death all his property was to be converted into cash, and the proceeds divided one-half to William T. Stroud, one-fourth to James K. Stroud, and one-fourth to Allen M. Stroud. James K. was duly appointed executor. Sarah died on March 28, 1904. William T. Stroud died intestate on February 19, 1904, leaving as his heirs at law Martha A. Stroud, his widow, and his children, Elwood Stroud, W. E. Stroud, George J. Stroud, Clara Bacon, Sarah Sprague, and Nell Stroud (Sedsvold by marriage). The estate of William T. Stroud was fully administered. Nowhere was there inventory or any mention made of any claim of William T. Stroud in the estate of Jonah Cadwalader. The executor of the Cadwalader estate received property which was inventoried at $10,987. On October 29, 1904, the executor sold the land to one Taber for a consideration which was paid to the executor pursuant to the authority contained in the will. Afterwards the executor filed his final account, in which a balance of $74.80 was reported, as being in his hands and belonging to him. "In said account, besides the payment of sundry items of expenses of said administration and other items of credit, the said executor credited himself with the payment of a certain mortgage * * * and has paid to the heirs of William T. Stroud, in land, part of their share under the will, as per agreement, $4,312.50, and has paid to Allen M. Stroud, in land, part of his share under the will, as per agreement, $2,156.25; also has paid to said Allen M. Stroud, as further part of his share under the will, out of house money, $74.80; also has paid to James K. Stroud, in land, part of his share under the will, as per agreement, $2,156.25."

On the final hearing, pursuant to statutory notice, it was decreed: That the said deceased died testate and the residue of said estate consists of the following described estate, to wit, $74.80 in money, that said estate has all been disposed of and converted into

[1]See per curiam order on page 69.

money by said executor, as provided by the terms of the last will and testament of said deceased, and that said money has been distributed among the legatees of said deceased as provided by the terms of said will, and as per agreement made by and between said legatees, being on file in this office; $2,231.05 of said money having been paid to Allen M. Stroud, $4,462.10 of said money having been paid to Elwood Stroud, Clara Bacon, W. E. Stroud, Sarah Sprague, George J. Stroud, and Nell Stroud Sedsvold, children of William T. Stroud, now deceased, having died on February 19, 1904, and $2,156.25 thereof and the said $74.80 thereof now on hand, having been retained by said executor, James K. Stroud, he being one of the legatees of said deceased. Sarah Cadwalader died March 28, 1904. James K. Stroud was entitled to the residue of the estate. It was thereupon decreed that the residue be assigned to James K. Stroud, and that settlement and distribution made between said parties be allowed and confirmed.

On February 2, 1908, Martha A. Stroud died testate. In the final decree entered in her estate it was determined that George J. Stroud, William E. Stroud, and Nellie Sedsvold were the residuary legatees of Martha A. Stroud, deceased. William E. Stroud and Nellie Sedsvold assigned to George J. Stroud their interest as residuary legatees in all claims against James K. Stroud as executor of Jonah Cadwalader. A final decree was entered in the estate of Martha A. Stroud. Neither in that decree, nor in the inventory of her estate, nor otherwise, was any claim made that the decedent had or claimed any interest as the widow of William T. Stroud in or to the estate of Jonah Cadwalader.

The trial court in this case further found as facts that by the decree in the Jonah Cadwalader estate the probate court confirmed the receipts and the agreement under which the payments were made before said court. It concluded as a matter of law that this final decree of the probate court adjudicated and determined that the plaintiffs had received their lawful share in the estate of Jonah Cadwalader, that that decree was within the jurisdiction of the probate court and was not subject to collateral attack, whereby plaintiffs took nothing by this action.

1. The case was argued as if it presented but one issue; i. e. had the probate court jurisdiction to determine the fact of payment by the defendant as executor of the estate of Jonah Cadwalader deceased? As we view the case, it is not necessary to consider or to determine that issue as a whole. It is clear beyond controversy that it was within the jurisdiction of the probate court to determine who were the persons beneficially entitled to the estate. In effect it determined that the widow, Martha A. Stroud, was not an heir at law of the decedent, and was entitled to no distributive share in his estate. In so far the decree was subject to appeal, but not to this collateral attack. Accordingly, in the discussion which follows, the interest of plaintiff, George Stroud, as assignee and legatee of his mother, will be ignored.

It is well settled that, if the trial court reached a correct conclusion to the effect that plaintiffs were entitled to nothing by this action, it is not material whether the court did or did not assign a proper reason. In determining whether the court did reach a correct conclusion, the findings of fact by the trial court must be construed in the light of the evidence.

It is to be noted that the trial court expressly found that payment had been made "to the heirs of William T. Stroud, in land, part of their share under the will, as per agreement, $4,312.50." The meaning of that finding must be determined by a consideration of the relevant evidence. It appears from that evidence conclusively that pursuant to an agreement by four of the heirs, who did not include either plaintiff, a fictitious sale was made of the land at $80 per acre to one Taber. Taber forthwith conveyed to each of the heirs, including plaintiff, the interest in the land to which they were entitled under the will of Jonah Cadwalader. It is true that the plaintiffs did not join in the agreement, and did not directly consent to it. But the fact remains that there was vested in plaintiffs the very interest to which they were entitled under the Cadwalader will. The only practical difference in their situation is this: Under the will the land should have been converted into cash. Until it was so sold, however, the title was in them. No actual, but only a fictitious, sale was made. No cash was paid. No damage is shown

to have resulted from this fictitious sale; nor do plaintiffs complain of any consequent upon that proceeding. In point of fact the land did not bring $80 per acre. When, however, plaintiff came to take action, he naturally preferred to have his share in cash at that price than his undivided interest in the land. The defendant has naturally declined to pay that price.

It was within plaintiff's power to sell the land and get cash. To have recovered, plaintiff must have shown a cause of action in tort or in contract. There can be no recovery for fraud or deceit, for none is pleaded or proved. A frequent remedy in tort, where an executor, directed to make payment, has in fact kept the proceeds, is conversion. Conversion in this case does not lie, because the defendant did not appropriate the property to his own use, but deeded to the various parties, including plaintiffs, through Taber, the exact interest to which they were entitled. Plaintiffs have been deprived of their estate in no degree. The pleading, moreover, was not constructed in such a way as to make this a cause of action in conversion. Nor have plaintiffs made out a cause of action in contract. There is no express contract. There are here neither the occasion nor the allegations necessary to entitle plaintiffs in an implied or quasi contract.

It follows that the conclusions of the trial court must be sustained. In so doing, it is wholly immaterial that a part of its findings of fact and part of its conclusions of law may have been surplusage.

PER CURIAM.

For the reasons stated in the foregoing opinion, prepared by the late Justice JAGGARD, in accordance with the views of the court, the order appealed from is affirmed.