STATE EX REL. H. L. BENZ and Others v. PROBATE COURT OF HENNEPIN COUNTY and Another.[1]

May 26, 1916.

Nos. 19,603—(46).[2]

**Jurisdiction of probate court.**

> The jurisdiction of the probate court over the estates of deceased persons and persons under guardianship is entire, exclusive, plenary, and, where the jurisdiction has attached, the court has full equity powers necessary to the settlement and distribution of the estate. It may apply the law to the facts whether the law be statutory, common law or the principles of equity.

Upon the relation of Herman L. Benz, Walter W. Rogers and Herbert V. Rogers, as executors and trustees of the estate of John E. Rogers, deceased, the district court for Hennepin county granted its writ of *certiorari* directed to the probate court of Hennepin county and the Hon-

[1]Reported in 155 N. W. 906, 158 N. W. 234.   [2]April, 1916, term calendar.

orable John A. Dahl, the judge thereof, to review the proceedings in the probate court in reference to the petition of Mae E. Rogers, widow of said decedent, directing the executors to pay her the sum of $4,945.34, with interest. The matter was heard before Hale, J., who quashed the writ. From the order quashing the writ, the executors and trustees appealed. Respondents' motion to dismiss the appeal on the ground that the appellants were not aggrieved parties within the statute was denied. Affirmed on appeal.

*James E. O'Brien* and *Frank R. Hubachek,* for appellants.

*Brooks & Jamison, A. B. Jackson* and *Charles J. Tryon,* for respondent.

On January 21, 1916, the following opinion was filed:

PER CURIAM.

Appeal by plaintiffs, executors and trustees under the will of John E. Rogers, deceased, from an order of the district court of Hennepin county quashing a writ of *certiorari* directed to the probate court to review its order directing the plaintiffs, as executors, to pay respondent $5,000 out of the funds of the estate. Respondent moves to dismiss the appeal on the ground that the appellants are not "aggrieved parties" within G. S. 1913, § 7491.

The motion to dismiss the appeal is denied on the authority of Burmeister v. Gust, 117 Minn. 247, 135 N. W. 980; Rong v. Haller, 106 Minn. 454, 119 N. W. 405, and the authorities referred to in the opinions in those cases.

On May 26, 1916, the following opinion was filed:

SCHALLER, J.

John E. Rogers, a resident of Hennepin county, Minnesota, died testate January 22, 1912. His wife Mae E. Rogers, four brothers and one sister who survived him, are his legatees and devisees.

In January, 1896, Rogers insured his life for the sum of $5,000, naming his wife, Mae E. Rogers, as beneficiary. The policy which was in force at the time of his death, had been assigned by Rogers and his wife as collateral security to a loan, and at the date of his death it was held

by the Scandinavian American National Bank as collateral to Rogers' note for $16,000. This note bore date July 22, 1911, and fell due January 26, 1912, four days after Rogers' death, interest having been paid in advance. Rogers, at the date of his death, had a deposit in the bank amounting to $8,419.76, which amount was on January 27, 1912, appropriated by the bank in part payment of his note. About the twenty-ninth of February, 1912, proof of loss having been made, a draft was sent by the insurance company to the bank, payable to the bank and to Mae E. Rogers, the beneficiary. In some way not definitely disclosed, but probably at the request of the executors or their attorney, the widow indorsed this draft, the proceeds whereof, $4,945.34, were applied by the bank as a payment on the note. Thereafter and on March 16, 1912, the executors paid to the bank out of the funds of the estate $2,681.60, the balance due on the note with interest from its due date.

On the same day, March 16, 1912, the Scandinavian American National Bank filed a verified claim against the estate in the usual form for the sum of $16,000, the face of the note, alleging that there was due and owing to claimant at the time of Rogers' death from his estate the sum of $16,000, and that no offsets existed against such indebtedness except as stated in the account. The copy of the note attached to the claim and affidavits showed no payments. The claim was duly allowed by the probate court on September 24, 1912. No appeal was taken from such allowance and the bank still holds the judgment.

The will of John E. Rogers was admitted to probate and the executors qualified thereunder. The business of the testator was continued by them pursuant to the provisions of the will.

The widow filed no claim against the estate for the $4,945.34 within the time limited by the probate court for filing claims. About the twenty-fifth of May, 1914, she filed a petition in the probate court, setting up, among other things, the facts above stated, and prayed for an order and decree that she had a valid and subsisting claim against the estate for the amount received by the bank, with interest from the twenty-ninth of February, 1912, and that the executors be directed to pay to her the amount by her paid to the bank, with interest.

Upon this petition a citation was issued to the executors and to the Scandinavian American National Bank, requiring them to show cause

why the prayer of the petition should not be granted. The executors, the bank and certain other parties appeared in response to the citation, and proceedings were had which resulted in an order by the probate court directing the executors to pay to Mrs. Rogers the $4,945.34 with interest from February 29, 1912. The Scandinavian American National Bank made no objection to the making of the order, and conceded that the facts set up in the petition were true. The relators procured a writ of *certiorari* from the district court, and, on the hearing in that court, the writ was quashed and dismissed. The relators appeal.

This cause was closely tried, ably and learnedly argued and exhaustively briefed. In the last analysis it is reduced to the question whether the probate court has jurisdiction to pass on the questions presented by the admitted and proven facts.

The probate courts of this state are created and their jurisdiction is prescribed by the Constitution. Const. art. 6, §§ 1, 7. They have jurisdiction "over the estates of deceased persons and persons under guardianship," and this jurisdiction is entire, exclusive and plenary. State v. Ueland, 30 Minn. 277, 15 N. W. 245; Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792; Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977; Brandes v. Carpenter, 68 Minn. 388, 71 N. W. 402; Betcher v. Betcher, 83 Minn. 215, 86 N. W. 1; Fitzpatrick v. Simonson Bros. Mnfg. Co. 86 Minn. 140, 90 N. W. 378; Appleby v. Watkins, 95 Minn. 455, 104 N. W. 301, 5 Ann. Cas. 471; Fiske v. Lawton, 124 Minn. 85, 144 N. W. 455.

It was declared in Fiske v. Lawton, supra, that: "Within the limitations incident to the subject matters specified by the Constitution, our probate courts possess superior and general jurisdiction, and have implied power to do whatever is reasonably necessary to carry out powers expressly conferred," quoting with approval from the dissenting opinion of Chief Justice Start in Brown v. Strom, 113 Minn. 1, 11, 129 N. W. 136, 139: "While they (the probate courts) have no general equity powers, yet as respects the subjects committed by the Constitution to their exclusive jurisdiction, they have the plenary powers, legal and equitable, that any court has."

It follows that where the jurisdiction of the probate court has attached it has full equity powers necessary to the settlement and distribution of the estate. Appleby v. Watkins, supra.

In cases arising within such jurisdiction, it may apply the law whether it be statutory law, the rules of the common law or the principles of equity. Its jurisdiction cannot be limited by terminology.

In the instant case the probate court has applied the principles of the law to the facts and declared that Mrs. Rogers, having paid a debt for which she was surety, stands in the place of the bank as judgment creditor to the extent of the sum paid by her, and (the bank consenting) has ordered the executors to pay to her to that extent the sum due to the bank on the claim proven and allowed in its favor. We hold that the probate court has jurisdiction to make the order.

Other questions raised in the briefs and argued on the hearing are not of controlling importance.

Order affirmed.