STATE EX REL. ANTON G. PREIS (ALSO KNOWN AS ANTON G. PRICE) v. DISTRICT COURT OF RAMSEY COUNTY.[1]

July 1, 1932.

No. 29,096.

[1]Reported in 243 N. W. 434.

John H. Horeish, for relator.

Henry N. Benson, Attorney General, and Harry J. Acton, Assistant Attorney General, for respondent.

LORING, J.

An alternative writ of mandamus was directed to the district court of Ramsey county and the Honorable Richard D. O'Brien, one of the judges thereof, requiring that court to make findings of fact, conclusions of law, and order for judgment in a matter tried therein on appeal from the probate court.

May 27, 1904, the probate court of Ramsey county committed Anton G. Preis to the state hospital for the insane at Rochester, Minnesota. Later he was transferred to Hastings, where he is now confined. No question is raised about the regularity of the proceedings by which he was committed. March 10, 1930, the relator applied to the probate court of Ramsey county to be restored to capacity, claiming that he had recovered his reason. A hearing was had, and the application was denied. An appeal was taken to the district court, where the application was again denied, but a new trial was thereafter granted. Upon the new trial the court and respondent judge thereof heard the evidence for and against the petitioner and at the close of the testimony came to the conclusion that neither the probate nor district court had jurisdiction to restore the petitioner to capacity or to release him from the state hospital. It was the opinion of the trial court that the right to grant

such release rested solely in the superintendent of the hospital and the state board of control under G. S. 1923 (1 Mason, 1927) § 4524, which empowers the superintendent to discharge any patient certified by him to have recovered his sanity unless that patient is charged with or convicted of some criminal offense. "In all other cases, patients shall be discharged only by the board of control."

It is the contention of the relator that the jurisdiction of the probate court is prescribed by the constitution "over the estates of deceased persons and persons under guardianship," and that the legislature cannot diminish or impair the jurisdiction so conferred.

■ We are of the opinion that the jurisdiction over persons under guardianship conferred on the probate court by the constitution by necessary implication carries with it the right upon proper application to pass upon the mental capacity of persons confined by its commitments in hospitals for the insane and to terminate the control of the public official or officials acting as the common guardian of the committed person. Under our constitution it is beyond the power of the legislature to diminish or impair this jurisdiction either by endeavoring to prevent its exercise or by creating exclusive coördinate authority elsewhere. Lading v. City of Duluth, 153 Minn. 464, 190 N. W. 981; Public Service Elec. Co. v. Board of Public Utility Commrs. 88 N. J. L. 603, 96 A. 1013.

"The care and custody of insane persons was, at the date of the constitution, recognized as within the general matter of guardianship * * *. The jurisdiction of probate courts in the matter of guardianship of insane persons is as indisputable as its jurisdiction in the matter of the guardianship of minors or any other class. * * * In effect, the superintendent of the hospital for insane is designated * * * as a common guardian for insane persons. * * * They are committed to his custody precisely as an insane person is committed to the custody of a private guardian appointed by the court." State ex rel. Chesley v. Wilcox, 24 Minn. 143, 148, 149.

It is true that in the case of Northfoss v. Welch, 116 Minn. 62, 68, 133 N. W. 82, 36 L.R.A.(N.S.) 578, Ann. Cas. 1913A, 1257, this court

held that the section in R. L. 1905 which corresponds to G. S. 1923 (2 Mason, 1927) § 8929, related only to persons under guardianship and did not furnish a remedy to a patient in an insane hospital who, having no guardian, applied for restoration to capacity; but we are of the opinion that in the absence of any statutory provision whatever, the probate court, in the exercise of its general powers as conferred upon it by the constitution, may hear an application by such a patient for restoration to capacity. While the legislature may regulate the practice in probate court, it cannot deprive that court of its constitutional jurisdiction by failing to make provision by statute for the exercise thereof.

It should be borne in mind that this is not a case where an acquittal on the ground of insanity has resulted in confinement in an asylum, as in State ex rel. Sundberg v. District Court, 185 Minn. 396, 241 N. W. 39.

We come now to the contention of the respondent that the relator had an adequate remedy either by habeas corpus or by appeal. In Northfoss v. Welch, 116 Minn. 62, 133 N. W. 82, 36 L.R.A.(N.S.) 578, Ann. Cas. 1913A, 1257, it was held that habeas corpus was a proper remedy where it was conceded that the patient had recovered his sanity; but the decision was expressly limited to cases where the detention had become illegal and the hospital authorities had refused to discharge a patient on grounds other than those of his health. In the case at bar the sanity of the patient is in issue; and it was a proper question for the probate court to pass upon and for the district court upon appeal.

Was there an adequate remedy by appeal? In State ex rel. Martin v. Superior Court, 101 Wash. 81, 172 P. 257, 258, 4 A. L. R. 572, the supreme court of the state of Washington had before it a case where the relator had filed his petition to be restored to sanity, and the superior court, which in that state exercises probate jurisdiction, held that it was without power to hear and determine the petition because the legislature had repealed a statute which had conferred upon the superior court an express power to hear such matters and had conferred upon the superintendent of the state

hospital the power to discharge patients who had recovered their sanity. In that case the superior court sustained a demurrer to the petition on the ground of lack of jurisdiction, and the supreme court, in reversing the lower court on the merits, held that mandamus was proper and that the remedy by appeal was inadequate. The question before us is one of the inherent jurisdiction of the probate court and of the district court on appeal and not a question as to whether those courts have acquired a right to proceed within the limits of an admitted jurisdiction.

The Washington court said in part [101 Wash. 85]:

"It is fundamental that a higher court will not control the judicial acts of an inferior court. It will not invade the realm. Its prime function is to review for error. The first consideration, then, must be to determine the character of the act of the inferior court. Is a judgment of dismissal based upon a denial of jurisdiction over a subject-matter a judicial act in the sense that it is a judgment which ought to be reviewed on appeal?

"A dismissal under the mistaken belief that the court has no jurisdiction is in no sense a judicial act for it rests upon a disclaimer of the judicial function. The court has neither heard nor determined. Neither the law nor the facts are affected in the slightest degree, and appeals being for the correction of judicial errors, errors of discretion or of the judicial mind, it follows that one entitled should have resort to some method by which the court can be set in motion. The court has done nothing which is either judicial or discretionary. It has refused to do either. Its judgment is nullius filius, a void thing, binding no one, a legal nonentity."

In the case of State ex rel. Prall v. District Court, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915D, 198, this court held, where the question arose at the commencement of the trial and there was no discretion in the district court to decline jurisdiction, that mandamus was an appropriate remedy, although it was possible to have reviewed the court's decision by appeal. It seems to us in a case like that at bar, where the parties have spent several days in

introducing evidence on the question of the petitioner's sanity and where at the close of such evidence the court concludes that it has no inherent jurisdiction to dispose of the case, that the remedy by appeal would be inadequate and that mandamus should lie to compel the court to finish the trial by appropriate findings, conclusion, and order.

Let a peremptory writ issue requiring such action.