## G. S. MUNDINGER v. FRANK I. BREEZE.[1]

April 21, 1933.

No. 29,384.

*James M. Witherow,* for appellant.

*Albert Edward Floan* and *O'Brien, Horn & Stringer,* for respondent.

STONE, JUSTICE.

Plaintiff appeals from an order sustaining a general demurrer to his amended complaint, and denying his motions for a temporary injunction and to remand to Clay county.

[1]Reported in 248 N. W. 47.

The action was commenced in Clay county, but the defendant, a resident of Ramsey county, took a change of venue to the latter. It is there that the will and estate of Henry Schroeder, Sr. are now in course of probate. The subject matter of this action is a valuable Clay county farm, the title of which was in deceased at the time of his death. Plaintiff claims as the grantee of Henry Schroeder, Jr., a son and heir of the testator. He charges that defendant "is endeavoring and unless duly restrained by an order of the court proposes through the medium of an order to wilfully and maliciously obtain from the probate court of Ramsey county an order to sell and dispose of said farm * * * not * * * for the benefit of the administration of said estate." Part of the relief wanted is an injunction to prevent the sale by defendant under license of the probate court.

■ The probate court has constitutional jurisdiction over the administration of the estates of deceased persons. It is in aid of that jurisdiction that there is set up by statute, G. S. 1923 (2 Mason, 1927) §§ 8834-8872, a procedure for the sale of the property of a decedent for the purpose of paying his debts. Whether a sale is necessary is for determination by the probate court in the exercise of its constitutional jurisdiction, subject to the right of appeal. It is apparent, therefore, that as far as the complaint evidences an effort to interfere with the action of the probate court the demurrer was properly sustained. For lack of jurisdiction, an action does not lie in the district court to enjoin the sale of a decedent's property for the payment of his debts. O'Brien v. Larson, 71 Minn. 371, 74 N. W. 148. Here the effort is to obstruct, not to aid, the exercise of probate jurisdiction. For the latter purpose the jurisdiction of the district court may be invoked under the rule of Brown v. Strom, 113 Minn. 1, 129 N. W. 136.

■ The complaint also seeks relief by way of an accounting from defendant, as administrator cum testamento annexo, in order to determine just what the debts of the decedent are and to what extent, if at all, it is necessary to sell any real estate of the deceased, particularly that presently involved. That also is a matter within the jurisdiction of the probate court. It is plain that

as to this feature of the complaint the demurrer was properly sustained.

■ That disposes of the case except for plaintiff's claim that his complaint states a cause of action for specific performance. It is alleged that at the time of the father's decease and at the commencement of the action, the son, Henry Schroeder, Jr., was in possession of the land. But we are unable to determine whether the pleader's intention was to aver possession as a purchaser under an executory contract or as a devisee. If the intention was to declare on a contract, it is not made to appear whether the promise was to sell and convey or to devise. It is alleged that the father promised Henry, Jr. that "he would give him" the farm, together with certain other property, as his share of the father's estate, which the latter "desired to divide and apportion among his six said children * * * his said father promised him that he would give him * * * the property * * * in consideration of the love and affection and the equitable distribution of his estate and assets." There is an allegation, confirmed by the brief for appellant, that the father devised the property to his son, Henry, Jr., by the will, now in probate in Ramsey county. In another part the complaint refers to the farm as part of the "inheritance" of Henry, Jr.

Again, it avers that Henry, Jr., after the death of his father, "asked for an apportionment of the share of the indebtedness of said estate and duly tendered and offered to pay and discharge the same, but the said defendant arbitrarily refused to make any said apportionment or allow and permit" Henry, Jr. to pay "his proper proportionate share." The inescapable implication of that is that the land in question is part, and by plaintiff's grantor, Henry, Jr., has been considered part, of the estate of the decedent and so chargeable with his debts as far as necessary to their liquidation. With such contradictory allegations in the complaint, other averments by way of conclusion referring to the transaction between father and son as an "oral contract and agreement" are without avail. They do not constitute a sufficient allegation of a contract to enable us to sustain the complaint as one in specific performance.

It is nowhere averred what was the consideration, if any, moving to promisor or from promisee. Valuable consideration is seemingly negatived by the averment that the father's undertaking was in consideration "of the love and affection and the equitable distribution of his estate and assets." That indicates gratuitous rather than contractual undertaking.

We have gone far enough into the complaint to show that it is not sufficient as one in specific performance. Aside from the failure to aver valuable consideration, the undertaking, if any, which appears from this complaint to have been made by the father is so indefinite and uncertain that it cannot be specifically enforced. See 5 Pomeroy, Equity Jurisprudence (2 ed.) § 2168, p. 4874. Without laboring any question of inconsistency between the positions of vendee and devisee, into both of which the complaint seems to put Henry, Jr., we hold that pleading bad for its failure to plead sufficiently either substance or terms of the supposed contract.

We do not overlook allegations that Henry, Jr. went into possession of the land, just when does not appear, advanced to his father the sum of $7,000 in cash, and made improvements worth an additional $3,000, all upon the faith of the supposed understanding between father and son. Because the latter is not raised to the dignity of a contract by the complaint, the allegation of these advances and improvements cannot help plaintiff in this action, whatever they may do for him or his grantor in some other proceeding.

The foregoing makes it unnecessary to pass upon the assignments of error challenging the change of venue from Clay county, where the land is situated, to Ramsey county, where the estate is in process of probate and defendant a resident. If the action could be sustained as one for specific performance, it would still be transitory under the rule of State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284, and State ex rel. Cairney v. District Court, 178 Minn. 373, 227 N. W. 202.

Nothing in this decision will prejudice plaintiff if he moves for leave to amend his complaint. Such a motion, if made, will be for decision below.

Order affirmed.