MILTON A. VESEY AND OTHERS v. MARY ELLEN VESEY, ALIAS MARY E. CULLIS, AND ANOTHER.[1]

May 16, 1952.

No. 35,694.

[1]Reported in 53 N. W. (2d) 809.

*O. O. Myhre, L. M. Severson,* and *R. C. Andrews,* for appellants.
*Nelson, Palmer & Moses,* for respondent Mary Ellen Vesey.

MATSON, JUSTICE.

Appeal from an order sustaining separate but identical demurrers to plaintiffs' complaint.

Plaintiffs brought action in the district court against Mary Ellen Vesey, widow of William S. Vesey, and against the Marquette National Bank of Minneapolis, as administrator of decedent's estate, (1) to restrain the administrator from distributing the assets and closing the estate, and (2) for judgment declaring that Mary Ellen Vesey is not entitled to inherit anything from her husband on the alleged ground that she feloniously took his life within the meaning of M. S. A. 525.87.

Plaintiffs are the children of decedent by a prior marriage. They allege that defendant Mary Ellen Vesey married decedent in 1947, at which time he was a robust man in good health; that she began a course of criticism, nagging, threats of violence, and actual violence, as a result of which conduct decedent was weakened mentally and physically; that said Mary Ellen Vesey, knowing that decedent was suffering from asthma and a heart ailment (although decedent was not aware of this) and knowing that any exertion might be fatal, nevertheless coerced decedent into accompanying her on a walk of several blocks in bad weather; and that decedent collapsed and died. It is alleged, therefore, that Mary Ellen Vesey is guilty of having feloniously caused the death of decedent and that she is not entitled to inherit from him because § 525.87 denies the right of inheritance to anyone feloniously taking the life of such person.

Defendants interposed separate demurrers to the complaint, and they were sustained on the ground that the district court has no jurisdiction over the subject matter. The sole question on appeal is whether, in fact, the district court has such jurisdiction.

■ Minn. Const. art. 6, § 7, in providing for the establishment of probate courts, states:

"* * * A probate court shall have jurisdiction over the estates of deceased persons and persons under guardianship, but no other jurisdiction, except as prescribed by this Constitution."

Pursuant to this constitutional provision, the probate court is vested with a plenary and exclusive original jurisdiction over the estates of deceased persons in all matters relating to their complete administration,[2] inclusive of both settlement *and the determination of the person to whom property passes by will or descends by statutory inheritance*,[3] and this jurisdiction cannot be enlarged or diminished by the legislature.[4] We have expressly held that its jurisdiction necessarily includes the power and duty to adjudicate who is an heir or devisee or legatee of the deceased.[5]

■ Since the probate court has *exclusive original* jurisdiction to adjudicate and determine whether a person qualifies as an heir, devisee, or legatee who may lawfully take a share of a deceased person's estate, it follows that the district court is wholly without such original jurisdiction and may not, by injunction or otherwise, impair or otherwise interfere with the probate court's original exercise thereof. In the settlement and distribution of the estates

---

[2]As to the scope of what properly relates to administrative jurisdiction, see M. S. A. 525.481; State ex rel. Larson v. Probate Court, 204 Minn. 5, 283 N. W. 545; State ex rel. Nelson v. Probate Court, 199 Minn. 297, 271 N. W. 879; In re Estate of Peterson, 198 Minn. 45, 268 N. W. 707; State ex rel. Martin v. Ueland, 30 Minn. 277, 15 N. W. 245; Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977; Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583; 21 Minn. L. Rev. 211; 23 *Id.* 677; 1 Mason's Dunnell on Minn. Probate Law, §§ 20, 26.

[3]In re Estate of Peterson, 202 Minn. 31, 277 N. W. 529; 5 Dunnell, Dig. & Supp. § 7771; 1 Mason's Dunnell on Minn. Probate Law, §§ 19, 21, 22, 26.

[4]1 Mason's Dunnell on Minn. Probate Law, § 21.

[5]Brotton v. Donovan, 177 Minn. 34, 224 N. W. 270; Sprague v. Stroud, 114 Minn. 64, 129 N. W. 1053; Fitzpatrick v. Simonson Brothers Mfg. Co. 86 Minn. 140, 90 N. W. 378; 1 Mason's Dunnell on Minn. Probate Law, § 26; In re Estate of Hencke, 220 Minn. 414, 19 N. W. (2d) 718.

of deceased persons, the district court has only appellate jurisdiction,[6] with the sole exception that it may exercise a *purely ancillary* jurisdiction *to aid* (but not to controvert or obstruct) the probate court in the performance of its proper functions in those special cases where, without such aid, the probate court would manifestly be unable to afford an adequate remedy for an alleged wrong to the estate, the heirs, legatees, or creditors.[7]

■ In the light of these jurisdictional principles, we come to the question whether the district court has any original jurisdiction to determine if a person alleged to have feloniously taken the life of another within the meaning of M. S. A. 525.87 may lawfully inherit from the decedent or receive any interest in his estate. Section 525.87 provides:

*"No person* who feloniously takes or causes or procures another so to take the life of another *shall inherit* from such person *or receive any interest* in the estate of the decedent, or take by devise or bequest from him any portion of his estate." (Italics supplied.)

This section clearly states: *"No person * * * shall inherit."* (Italics supplied.) The word *inherit* means to take as an heir at law on the death of an intestate ancestor.[8] Nothing more or less is meant by this statute than that a person cannot be an *heir* if he has feloniously taken the decedent's life. It follows that an *original* adjudication of whether a person is disqualified under § 525.87 from inheriting from a decedent on the alleged ground of having feloniously taken decedent's life is a determination of heirship, or of the right to take a share of a deceased person's

---

[6]State ex rel. Lord v. Bazille, 89 Minn. 440, 95 N. W. 211; O'Brien v. Larson, 71 Minn. 371, 74 N. W. 148; Mundinger v. Breeze, 188 Minn. 621, 248 N. W. 47.

[7]Brown v. Strom, 113 Minn. 1, 129 N. W. 136; cf. Mundinger v. Breeze, 188 Minn. 621, 248 N. W. 47; 5 Dunnell, Dig. & Supp. §§ 7770d, 7770e; 1 Mason's Dunnell on Minn. Probate Law, §§ 23, 24. See, Wilson v. Erickson, 147 Minn. 260, 180 N. W. 93.

[8]See, Black's Law Dictionary (4 ed.) p. 922; 21 Wd. & Phr. (Perm. ed.) pp. 364, 368.

estate; as such, it involves an exercise of original jurisdiction, which belongs exclusively to the probate court.

Plaintiffs assert in effect, however, that insofar as § 525.87 implicitly requires an adjudication of whether decedent's life was *feloniously* taken, an issue is presented which by its very nature calls for an exercise of a general jurisdiction at law and in equity not possessed by the probate court. Their contention is that the statute is but declaratory of the common-law maxim that no man shall profit by his own wrong, and that, as such, it carries with it all related common-law remedies. It is asserted that, in the absence of an express provision therefor, common-law actions are not taken away by the necessary implication of a statute which furnishes no other remedy or mode of procedure. Next, we are told that, whether the adjudication of the issue as to the felonious taking of life be by an action at law sounding in tort, or by a proceeding in equity on the theory of fraud, the action is one in personam and must necessarily be brought in a court of general jurisdiction. Actions in personam, plaintiffs allege, contemplate a judgment against the person and also require a personal service of process—or a substitute therefor—and as a result the probate court with its limited in rem jurisdiction is without power to try the issues.

■ Plaintiffs' theories overlook certain fundamental considerations. In the first place, prior to the enactment of § 525.87 no actionable remedy was provided by the common law of this jurisdiction as a means of barring a wrongdoer from profiting by inheritance from a person whose life he had feloniously taken.[9] There was no remedy until the statute was enacted. Secondly, although a probate court has no general jurisdiction such as is possessed by a district court, it does have all the powers, legal or equitable, essential to a complete exercise of the plenary and exclusive jurisdiction conferred by the constitution. In cases arising

---

[9]See, Gollnik v. Mengel, 112 Minn. 349, 128 N. W. 292.

within that jurisdiction, it may apply the law, whether it be statutory law, the rules of the common law, or principles of equity.[10]

■ Furthermore, it is immaterial that § 525.87 is silent as to the procedure to be followed in litigating the issue as to the alleged felonious taking of life as a prerequisite to a determination of the lawful heirs of a decedent's estate. Although the legislature may prescribe the appropriate procedural steps to be followed by the probate court in the exercise of its constitutional jurisdiction, the character of that jurisdiction is such that, when necessary to a proper and complete exercise thereof, the court may do things not specified in the statute.[11] While the legislature may regulate practice in the probate court, it cannot deprive that court of its constitutional jurisdiction by failing to make appropriate statutory provisions for its exercise.[12] In the absence of specific statutory procedure, the issue of whether decedent's life was feloniously taken is to be determined in the same manner as any other issue of fact; and, for this purpose, the probate court is possessed of an exclusive jurisdiction and all the means necessary for its effective exercise.

■ Contrary to plaintiffs' unwarranted assumption, an adjudication of whether a person is disqualified as a lawful heir under § 525.87 is not a proceeding in personam. The adjudication of the issue as to lawful heirship thereunder is a proceeding in rem, in which the *res* is the deceased person's estate; and any decree entered pursuant to such an adjudication is determinative of all rights of inheritance and is binding upon all persons interested in the estate.[13] Administrative proceedings are in rem, and jurisdiction

---

[10] State ex rel. Benz v. Probate Court, 133 Minn. 124, 155 N. W. 906, 158 N. W. 234; In re Estate of Gilroy, 193 Minn. 349, 354, 258 N. W. 584, 587; 1 Mason's Dunnell on Minn. Probate Law, § 25. See, *Id.* § 896, note 58, and 2 Mason's Dunnell on Minn. Probate Law, § 1039.

[11] Culver v. Hardenbergh, 37 Minn. 225, 233, 33 N. W. 792, 796; In re Estate of Gilroy, 193 Minn. 349, 354, 258 N. W. 584, 587.

[12] State ex rel. Preis v. District Court, 186 Minn. 432, 243 N. W. 434; 1 Mason's Dunnell on Minn. Probate Law, § 21.

[13] See, 1 Mason's Dunnell on Minn. Probate Law, § 614; 2 *Id.* § 1073; 21 Am. Jur., Executors and Administrators, § 12.

is not acquired by notice to the interested parties. Although notice and opportunity to be heard may be made jurisdictional by statute, it is a matter of legislative favor and is not essential to due process or to the jurisdiction and power of the court to administer an estate.[14]

Moreover, whether § 525.87 was originally enacted as a part of the probate code is of no consequence, because by its very terms it deals with the question of heirship as related to the estate of a deceased person. Therefore, any adjudication of that question, inclusive of the prerequisite determination of whether a felonious taking of life has occurred, falls exclusively within the jurisdiction of the probate court.

Although it is to be conceded that § 525.87 is in many respects inadequate and in need of legislative revision,[15] that fact has no bearing upon the jurisdictional question here involved. Clearly, the trial court was correct in sustaining both demurrers for want of jurisdiction by the district court.

The order of the trial court is affirmed.

Affirmed.

---

[14]Hanson v. Nygaard, 105 Minn. 30, 35, 117 N. W. 235, 237; In re Estate of Gilroy, 193 Minn. 349, 353, 258 N. W. 584, 586; 1 Mason's Dunnell on Minn. Probate Law, § 40.

[15]For an excellent discussion of the essentials of an adequate statute, see 49 Harv. L. Rev. 715. See, also, 11 Temple L. Q. 558.