William J. CROLLEY and Nelson Development ʹCorporation, etc., Respondents,

v.

O'HARE INTERNATIONAL BANK, Appellant,

Dorothy K. Bouthilet, personal representative of the Estate of John G. Bouthilet, Defendant,

John E. Daubney and Seldon K. Caswell, Respondents.

No. C7–82–839.

Supreme Court of Minnesota.

March 30, 1984.

Douglas J. Carney, Minneapolis, for appellant.

Virgil Herrick, Fridley, for respondent Crolley.

John E. Daubney, St. Paul, for respondent Bouthilet.

COYNE, Justice.

O'Hare International Bank appeals from an order of the Sherburne County District Court allowing Attorneys Seldon K. Caswell and John E. Daubney liens against one-third of a sum deposited with the district court clerk pending the outcome of an action brought by William Crolley against O'Hare and Dorothy K. Bouthilet, personal representative of the Estate of John G. Bouthilet. We affirm the trial court's rejection of O'Hare's claim that it had a lien against the deposited sum, but reverse the order insofar as it allowed Mr. Caswell a lien, allowed Mr. Daubney a lien for legal services performed in probate proceedings, directed satisfaction of the liens out of a specific third of the deposit, and directed the clerk to pay the balance to the 12 Bouthilet children.

The sequence of events underlying this appeal began in 1969 when John and Dorothy Bouthilet obtained a $500,000 loan from O'Hare and gave a note for that amount secured by a mortgage on land in Sherburne County. On September 29, 1970, the Bouthilets entered a contract for deed with Crolley in which they agreed to convey to Crolley other Sherburne County land, title to which was in John Bouthilet's name alone. Although the tract of land which was subject to the mortgage held by O'Hare and the tract of land which was the subject of the Crolley contract for deed were both situated in Sherburne County, they were separate and otherwise unrelated tracts. On March 10, 1974, John G.

Bouthilet died intestate. Probate proceedings were commenced in Washington County, and Mrs. Bouthilet was appointed personal representative. O'Hare filed no claim in the probate proceeding.

In 1976 O'Hare began foreclosure by action of its mortgage. On May 2, 1978, Crolley recorded his contract for deed. Seventeen days later, on May 19, 1978, O'Hare obtained a deficiency judgment against John G. Bouthilet, deceased, and Dorothy Bouthilet for $187,640.43. At that time the unpaid balance on the Crolley contract for deed was $63,000. On June 17, 1978, O'Hare had the judgment entered, and on July 17 purported to levy execution on the vendor's interest in the Crolley contract for deed.

Crolley then petitioned the Washington County Probate Court for an order authorizing Mrs. Bouthilet to convey part of the property which was subject to the contract for deed. On September 15, 1978, the probate court ordered Mrs. Bouthilet, as personal representative of the estate of John G. Bouthilet, to execute a deed of that portion of the land in exchange for Crolley's $37,000 check payable to the Estate of John G. Bouthilet.[1]

On November 14, 1978, Crolley brought an action in the Sherburne County District Court against O'Hare and Mrs. Bouthilet, as personal representative of her husband's estate, to determine that O'Hare's deficiency judgment was not a lien on the property which had been subject to the contract for deed. Crolley also sought an order permitting him to deposit $26,000—the then balance of the contract—with the court and determining that he was fee owner of the balance of the land which was the subject of the contract for deed. In response, O'Hare alleged that it had begun its mortgage foreclosure proceeding on July 26, 1976, and had then filed a notice of lis pendens, had subsequently entered its deficiency judgment and levied execution thereon, and therefore had a lien upon the un-

paid proceeds of the Crolley contract for deed.

The parties stipulated in February 1980 that Crolley would deposit the $26,000 still due on the contract and would also deposit an irrevocable letter of credit for $37,000 with the district court clerk, in return for which O'Hare would file a partial release of judgment releasing all the property subject to the Crolley contract for deed.

On December 4, 1980, the district court entered an order which determined that O'Hare, Dorothy Bouthilet, and the Estate of John G. Bouthilet had no interest in or lien upon the property which was the subject of the contract for deed. This order also authorized the district court clerk to pay the funds Crolley had deposited to the Estate of John G. Bouthilet. On November 3, 1981, this court summarily affirmed the judgment entered on that order.

Thereupon Mr. Caswell and Mr. Daubney moved the district court to determine their entitlement to attorney's liens. Mr. Caswell had represented Mrs. Bouthilet in the O'Hare foreclosure proceeding and sought a lien for $5,100, representing 85 hours of legal services at an hourly rate of $60. Mr. Daubney had represented Mrs. Bouthilet in the Crolley action and in the probate of the Bouthilet estate, and requested the court to determine that he was entitled to a lien for $11,587.50, for 132 hours of legal services in the Crolley action and for 22½ hours of probate work relating to the Crolley contract, at an hourly rate of $75. O'Hare opposed their motion, claiming again that its deficiency judgment had resulted in a lien on the contract for deed proceeds.

In an order filed May 17, 1982, the district court allowed Mr. Daubney the lien requested and allowed Mr. Caswell a lien of $5,000, but ordered that both be satisfied by allowance against the one-third interest of Mrs. Bouthilet in the funds deposited with the district court clerk. After noting that the Washington County Probate Court had entered its order "of complete settle-

---

1. The probate court declined Crolley's offer to make this check payable jointly to the Bouthilet Estate and O'Hare.

ment of the estate" and a decree of distribution in the Estate of John G. Bouthilet, the district court also directed the clerk to pay the balance of the funds on deposit to the Bouthilet children.[2]

 On O'Hare's appeal from this order, it again contends that it has a lien against the contract-for-deed proceeds based on its execution of its deficiency judgment. In the underlying action the trial court rejected the same claim, specifically finding both that title to the property remained in the Estate of John G. Bouthilet and that the Estate was entitled to the funds deposited with the district court clerk. That determination was summarily affirmed by this court, so O'Hare is bound by it and barred from again asserting its claim to a lien in this proceeding.

 However, the attorney's charging lien authorized by Minn.Stat. § 481.13 (1982) applies only to an attorney's charges "for services in connection with the particular action or proceeding involved and not to a client's general account." *Schroeder, Siegfried, etc. v. Modern Electronic Products, Inc.*, 295 N.W.2d 514, 516 (Minn. 1980). Thus, Mr. Caswell is not entitled to a lien for his legal services in the O'Hare foreclosure proceeding, and Mr. Daubney is not entitled to a lien for his services in the probate proceeding. Consequently, we reverse that portion of the order under review which determined the attorney's liens and direct that on remand Mr. Caswell's lien be disallowed and Mr. Daubney's lien be limited to $9,900, representing the 132 hours of his legal services related to the Crolley action.

 Nor can we sustain the trial court's further direction that the attorney's lien be satisfied from Mrs. Bouthilet's one-third of the sum deposited with the district court clerk and that the balance of that sum then be paid to the Bouthilet children. Although the district court has jurisdiction to direct payment of Mr. Daubney's lien from

the deposited proceeds of the contract for deed, the district court cannot direct the distribution of funds belonging to the estate of a decedent because the probate court has exclusive original jurisdiction to determine the persons entitled thereto by statutory inheritance. Minn. Const. art. VI, § 11; Minn.Stat. § 524.1–302 (1982). *See Matter of Estate of Congdon*, 309 N.W.2d 261 (Minn.1981); *Vesey v. Vesey*, 237 Minn. 10, 53 N.W.2d 809 (1952) (construing a prior constitutional provision).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

---

2. The record furnished this court does not contain a copy of the probate court's final decree. It is not clear to us why that court issued the decree and, on November 14, 1979, an order discharging Mrs. Bouthilet as personal representative, in light of the fact that Crolley's district court action was then pending.